## POST *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF MINNESOTA.

No. 694.   Argued March 6, 9, 1896.—Decided March 23, 1896.

Under the act of July 12, 1894, c. 132, enacting that "all criminal proceedings instituted for the trial of offences against the laws of the United States arising in the District of Minnesota shall be brought, had and prosecuted in the division of said district in which such offences were committed," the court has no jurisdiction of an indictment afterwards presented by the grand jury for the district in one division, for an offence committed in another division before the passage of the act, and for which no complaint has been made against the defendant; although the witnesses whose names are endorsed upon the indictment were summoned before the grand jury and were in actual attendance upon the court before the passage of the act.

AT June term, 1894, of the District Court for the District of Minnesota, held at Saint Paul in the third division of the district, the grand jury for the district presented, on July 20, 1894, two indictments against George W. Post on section 5493 of the Revised Statutes for subornation of perjury on February 3, 1894, at Duluth in the fifth division.

To each indictment the defendant pleaded not guilty, with leave to withdraw his plea at October term, 1894, held at Saint Paul, to which the cases were continued. At that term, he withdrew his plea; and demurred to each indictment, for want of jurisdiction in the court to take cognizance of the matters and things therein set forth, because the offences were alleged to have been committed in the fifth division of the district, and the indictment was found and presented at a term held at Saint Paul, in the district, and outside of that division. The demurrer was overruled; the defendant pleaded not guilty to each indictment; the two cases were consolidated by order of the court for trial; the jury returned verdicts of guilty; the defendant moved in arrest of judgment, for want of jurisdiction in the court to

try him upon the indictments; the motion was overruled; and the defendant was sentenced to be imprisoned three years in the penitentiary, and to pay a fine of $2000; and sued out this writ of error.

By stipulation in writing of counsel, it was agreed that there should be added to the record, as if in obedience to a writ of certiorari for diminution thereof, an order of the District Court, directing the record to be amended by setting forth the following facts: The grand jury for the District of Minnesota at June term, 1894, was duly empanelled July 5, 1894, and then entered upon the discharge of its duties for the entire District of Minnesota, and was continuously in session from that day to and including July 20, 1894, and on this last day returned these two indictments, and made its final report, and was discharged by the court. All the persons whose names were endorsed upon the indictments were duly summoned in these cases before the grand jury prior to July 5, 1894, and in obedience to such summons were in actual attendance upon the court prior to July 12, 1894.

*Mr. James K. Redington* for plaintiff in error. *Mr. S. F. White* filed a brief for same.

*Mr. Assistant Attorney General Dickinson* for defendants in error.

MR. JUSTICE GRAY, after stating the case, delivered the opinion of the court.

By the Revised Statutes, as by the previous act admitting the State of Minnesota into the Union, the whole State was constituted one judicial district. Act of May 11, 1858, c. 31, § 3; 11 Stat. 285; Rev. Stat. § 531. By the act of April 26, 1890, c. 167, which took effect August 1, 1890, the District of Minnesota was divided into six divisions for the purpose of holding terms of court; the courts for the third division, which included Saint Paul, were to be held at Saint Paul on the fourth Tuesday in June and the second Tuesday in January, and the courts for the fifth division, which included

Duluth, were to be held at Duluth on the second Tuesday in May and the second Tuesday in October; a grand jury and petit jury might be summoned at each term; and the criminal jurisdiction of the court was in no wise restricted to a particular division. 26 Stat. 72.

But by the act of July 12, 1894, c. 132, entitled "An act regulating the procedure in criminal causes in the District of Minnesota," it was enacted, in section 1, that "all criminal proceedings instituted for the trial of offences against the laws of the United States arising in the District of Minnesota shall be brought, had and prosecuted in the division of said district in which such offences were committed;" and, in section 2, that "this act shall take effect upon its passage." 28 Stat. 102.

As was said by this court in a recent case, "in all cases where life or liberty is affected by its proceedings, the court must keep strictly within the limits of the law authorizing it to take jurisdiction, and to try the case, and to render judgment. It cannot pass beyond those limits, in any essential requirement, in either stage of these proceedings; and its authority in those particulars is not to be enlarged by any mere inferences from the law, or doubtful construction of its terms." "It is plain that such court has jurisdiction to render a particular judgment, only when the offence charged is within the class of offences placed by the law under its jurisdiction; and when, in taking custody of the accused, and in its modes of procedure to the determination of the question of his guilt or innocence, and in rendering judgment, the court keeps within the limitations prescribed by the law, customary or statutory. When the court goes out of these limitations, its action, to the extent of such excess, is void." *In re Bonner*, 151 U. S. 242, 256, 257.

The act of 1894, now in question, is doubtless to be construed as operating prospectively, and not retrospectively, upon the subject legislated upon. That subject, however, is not a matter of substantive criminal law, but is one of jurisdiction and procedure only. The act does not create any new offence, or make any change in the proof or the punishment

of an offence already existing. It is but a regulation of procedure, and of procedure so far only as affects the jurisdiction of the court with regard to the different divisions into which the district is divided, and in which the court may be held. It distributes the jurisdiction among the several divisions by requiring the prosecution of offences "arising in the District of Minnesota" to take place in that division "in which such offences were committed." It is not limited to offences which shall arise after it takes effect, nor does it in terms mention offences which have already arisen; but it uses the general words "offences arising," which naturally include both past and future offences, as do the words "offences committed;" and it is indisputably within the discretion of the legislature, when granting, limiting or redistributing jurisdiction, to include offences committed before the passage of the act. *Cook* v. *United States*, 138 U. S. 157, 180. The point of time at which the act is to apply to a particular case is not the time of committing the offence, but the time of instituting the proceedings. Treating the direction as operating prospectively only, that "all criminal proceedings instituted" "shall be brought, had and prosecuted" in a particular division, it obviously includes all proceedings which shall be, and none which have been, instituted. Without regard, therefore, to the time of the commission of an offence, all the proceedings for its prosecution, if instituted after the act of 1894 took effect, must be in the division in which the offence was committed; but if instituted before this act took effect, they might go on, as under the earlier acts, in any division.

The two cases, principally relied on by the United States, of *Logan* v. *United States*, 144 U. S. 263, 297, and *Caha* v. *United States*, 152 U. S. 211, 214, by implication, at least, support this conclusion. In *Caha's case*, the act of Congress expressly reserved the former jurisdiction, not only over prosecutions already commenced, but also over crimes already committed. In *Logan's case*, the act of Congress, as this court observed, "does not affect the authority of the grand jury for the district, sitting at any place at which the court is appointed to be held, to present indictments for offences com-

mitted anywhere within the district. It only requires the trial to be had, and writs and recognizances to be returned, in the division in which the offence is committed. The finding of the indictment is no part of the trial."

Criminal proceedings cannot be said to be brought or instituted until a formal charge is openly made against the accused, either by indictment presented or information filed in court, or, at the least, by complaint before a magistrate. *Virginia* v. *Paul*, 148 U. S. 107, 119, 121; *Rex* v. *Phillips*, Russ. & Ry. 369; *Regina* v. *Parker*, Leigh & Cave, 459; *S. C.* 9 Cox Crim. Cas. 475. The submission of a bill of indictment by the attorney for the government to the grand jury, and the examination of witnesses before them, are both in secret, and are no part of the criminal proceedings against the accused, but are merely to assist the grand jury in determining whether such proceedings shall be commenced; the grand jury may ignore the bill, and decline to find any indictment; and it cannot be known whether any proceedings will be instituted against the accused until an indictment against him is presented in open court.

In the present case, each indictment, for an offence committed in the fifth division of the district, having been first presented, after the act of 1894 took effect, to the court held in the third division, and no complaint having been previously made against the defendant, the court had no jurisdiction of the case; and for this reason, without considering the other questions argued at the bar, the

*Judgment is reversed, and the case remanded with directions to set aside the verdicts and to sustain the demurrers to the indictments.*