## UNITED STATES v. NEW DEPARTURE MFG. CO. et al.

(District Court, W. D. New York. April 2, 1912.)

1. COURTS (§ 418½,* New, vol. 14, Key No. Series)—CREATION—STATUTES—REPEAL.

The federal Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087), in force January 1, 1912, does not abolish the United States District Court, but continues the existing District Courts, and transfers thereto cases and proceedings pending undetermined in the Circuit Courts which are abolished, and section 299, providing that the repeal of existing laws, shall not be construed to affect the tenure of office of incumbents, does not support a repeal of the old law by implication or an intention by Congress that after January 1, 1912, new judges, officers, and jurors are to be created.

2. COURTS (§ 418½, New, vol. 14, Key No. Series)—REPEAL OF STATUTE CREATING COURTS—"ANY SUIT OR PROCEEDING"—"PROCEEDING."

The phrase, "any suit or proceeding," in the federal Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087), in force January 1, 1912, declaring in section 299 that the repeal of laws shall not affect "any suit or proceeding," including those pending on writ of error, appeal, certificate, or writ of certiorari, includes an inquiry pending before a grand jury properly impaneled in the District Court, and an indictment returned by the grand jury after January 1st is valid. The word "proceeding," though frequently used in a restrictive sense, must be understood in its ordinary signification.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 1, pp. 412–433; vol. 8, pp. 7575–7577; vol. 6, pp. 5631–5638.]

The New Departure Manufacturing Company and others were indicted. Plea in abatement filed by individual defendants overruled, and defendants directed to plead over.

John Lord O'Brian, U. S. Atty.

Kenefick, Cooke, Mitchell & Bass (W. W. Hyde, D. J. Kenefick, and L. M. Bass, of counsel), for defendants.

HAZEL, District Judge. This matter comes before the court on plea in abatement filed by the individual defendants, and presents the questions whether the Judicial Code of the United States, in force January 1, 1912, repealed the prior law creating the District Court of the United States and regulating the duties of the officers and grand juries thereof, and especially whether by such act the grand jury then sitting and impaneled was deprived of its legal status and of its powers, and whether the indictment in question, reported on January 8, 1912, was improperly found, and should therefore be quashed. The record shows that the said grand jury was sworn in and began the discharge of its duties in the month of November, 1911, and soon afterwards began the inquiry against the defendants; the various subpoenas being entitled in the prosecution of "The United States of America v. The New Departure Manufacturing Company et al.," and continued such inquiry from day to day until the indictment was found and formally presented to this court.

By section 297 of the Judicial Code, the Revised Statutes of the United States relating to the creation of the United States Circuit

Courts and the United States District Courts, their powers and jurisdiction, and the times and places for holding terms of court, were expressly repealed, but in section 299 there is contained a saving clause, which reads as follows:

"The repeal of existing laws, or the amendments thereof, embraced in this act, shall not affect any act done, or any right accruing or accrued, or any suit or proceeding, including those pending on writ of error, appeal, certificate, or writ of certiorari, in any appellate court referred to or included within the provisions of this act, pending at the time of the taking effect of this act, but all such suits and proceedings, and suits and proceedings for causes arising out of acts done prior to such date, may be commenced and prosecuted within the same time. and with the same effect, as if said repeal or amendments had not been made."

The question submitted turns upon the definition of the phrase, "or any suit or proceeding," and the intention of Congress in using it. Counsel for the defendants contends that only such suits and proceedings continued beyond January 1, 1912, as are specified in the above section, and that the inquiry pending before the grand jury against the defendants abated on the date that the Judicial Code went into effect; that, in order to empower grand juries summoned prior to the enactment to continue their inquiries into matters pending before them and to present indictments thereafter, there must have been an express provision for such continuation in the new judiciary acts. The contention is not thought sound.

[1] It was not the intention of Congress to abolish the United States District Court and deprive that court of its power and authority; but its intention, as the various provisions of the act would seem to clearly indicate, was to abolish and abrogate the Circuit Court by investing the United States District Courts, then in existence, with all the rights, powers, and duties of the Circuit Courts. This intention finds support in the title, which reads: "An act to codify, revise, and amend the laws relating to the judiciary." That the language of section 800 of the Revised Statutes (U. S. Comp. St. 1901, p. 623) relating to the same subject—i. e., the qualifications and selection of jurors—has been modified, or that by section 298 of the Judicial Code it was expressly provided that the repeal of existing laws should not be construed to affect the tenure of office of the incumbents, does not, in my opinion, support a repeal of the old law by implication, or an intention by the law-making power that after January 1, 1912, new judges, officers, and juries were to be created, and that pending proceedings before grand juries should fall. True, it was not necessary that words of express repeal should be used, but, when such words are not used, a presumption arises that no repeal was intended.

[2] Moreover, the phrase, "or any suit or proceeding," contained in section 299, broadly includes an inquiry pending before a grand jury, or, indeed, any act that might be done to affect a legal right in a particular case. The word "proceeding," though frequently used in a restrictive sense, is, nevertheless, to be understood in its ordinary signification, unless it is qualified, as, for instance, proceedings in rem, criminal proceedings, proceedings on executions, entire proceedings, special proceedings, etc., or unless the text which contains

the word denotes a different intention. The precise question was considered in Re Hale (C. C.) 139 Fed. 496; and Judge Wallace said:

"But the word 'proceeding' is a broad term, and was apparently intended to include some form of judicial inquiry other than a 'suit or prosecution.' In one sense it is true a criminal proceeding is not instituted against an accused person until a formal charge is made against him by indictment or information, or a complaint before a magistrate; and proceedings before a grand jury are not. in that sense, a criminal proceeding against an accused. Post v. United States, 161 U. S. 583 [16 Sup. Ct. 611, 40 L. Ed. 816]. But in another sense any initial step before a judicial tribunal preliminary to the commencement of a civil suit or a criminal prosecution is a proceeding."

The Supreme Court on appeal defined the term as follows:

"The word 'proceeding' is not a technical one, and is aptly used by the courts to designate an inquiry before the grand jury. It has received this interpretation in a number of cases."

In view of such definitions, it is manifest that in the holding of the Supreme Court in the prior case of Post v. United States, supra, upon which reliance is placed by the defendants, that a grand jury investigation was not a "criminal proceeding," the phrase was used merely to designate the particular phase or character of the proceeding.

My conclusion is that Congress in enacting the Judicial Code has not interfered with cases or proceedings pending in the District Courts prior to January 1, 1912; that there was no interregnum, but a carefully phrased continuance of the existing District Courts and a transfer thereto of the cases and proceedings pending undetermined in the Circuit Courts, to be tried, proceeded with, and determined in the same manner and with the same effect as though such actions or proceedings had been commenced in the District Courts; and, furthermore, that, as the subject-matter of the indictment in controversy was under inquiry before a grand jury properly impaneled in the District Court and engaged in the discharge of its duties, such inquiry was a "proceeding" under section 299 of the Judicial Code.

It accordingly follows that the plea in abatement must be overruled, and the defendants filing such plea are directed to plead over at the next term of this court.