JACOBUS v. COLGATE.

(Supreme Court, Appellate Division, Second Department. December 24, 1914.)

STATUTES (§ 267*)—RETROACTIVE OPERATION—REMEDIAL STATUTE—JURISDIC-
    TION.

> Code Civ. Proc. § 982a, enacted in 1913, providing that an action may be maintained in this state to recover damages for injuries to real estate without the state, is a remedial statute, and applies to all actions commenced after it became operative, irrespective of when the cause of action arose.
>
> [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 350–359; Dec. Dig. § 267.*]

Appeal from Special Term, Kings County.

Action by Clement S. Jacobus against William H. Colgate. Interlocutory judgment for plaintiff on demurrer to the complaint. Defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Theodore F. Humphrey, of New York City (Charles C. Hoge, on the brief), for appellant.

Albert Aston, of New York City, for respondent.

RICH, J. This appeal is from an interlocutory judgment overruling the demurrer to the complaint, in an action to recover damages alleged to have been sustained by the assignors of plaintiff in the destruction of their property by the wanton act of the defendant in setting fire to the same, and from the order on which the judgment was entered. It is contended that the court has no jurisdiction of the subject-matter of the action, because it is claimed that the property injured was real property in the state of Kansas, and that the complaint does not state facts sufficient to constitute a cause of action, because of the contention that the complaint alleges but one cause of action, in the injury to real property and personal property stored therein, and the action, not being maintainable in part, must fall as a whole.

The allegations of the complaint are that Bliss & Wood, who are the plaintiff's assignors, were copartners carrying on a milling business in the town of Winfield, state of Kansas, and upon August 13, 1882,

"were the owners and in possession of a certain milling plant situated * * * in said town, * * * consisting of a main mill building of two stories and basement, and engine room of one story, and an office of one story, and of the boilers, milling machinery, and other machinery, fixtures, and appurtenances contained in or about said buildings, or on the premises of said milling plant, and that said Bliss & Wood were on said 13th day of August, 1882, the owners and in possession of a stock of flour, wheat, flour sacks, bran

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sacks, and of certain office furniture, stationery, books of account, and of certain other personal property, all contained in or about said buildings or on the premises of said milling plant. * * * That on the said 13th day of August, 1882, the defendant unlawfully, willfully, and wantonly set fire to the said milling plant and, to the damage of the said Bliss & Wood, wholly destroyed said milling plant, and the buildings, machinery, appurtenances, and personal property hereinbefore more fully described in the paragraph numbered 2 of this complaint."

Prior to the enactment of section 982a of the Code of Civil Procedure in 1913, the settled law of this state was that an action could not be maintained in its courts for injuries to real property situate without the state, where the question of jurisdiction was seasonably raised. The last expression of the Court of Appeals upon this subject, prior to the enactment of said Code section, is in Brisbane v. Pennsylvania R. R. Co., 205 N. Y. 431, 98 N. E. 752, 44 L. R. A. (N. S.) 274, Ann. Cas. 1913E, 593, in which Chief Judge Cullen says:

"Were the question an open one, I would favor the doctrine that our courts have jurisdiction of actions to recover damages for injuries to foreign real estate. Chief Justice Marshall in Livingston v. Jefferson [1 Brock. 203], expressed his personal disapproval of the rule to which he felt bound to give effect under the authorities. In the century that has elapsed since Chief Justice Marshall's decision, all the decisions in this state which I have cited have been rendered. At this late day I think we would not be justified in overruling these cases, but should leave it to the Legislature to change the rule by statute."

This decision was in May, 1912. At the next session of the Legislature, section 982a was enacted, which reads:

"An action may be maintained in the courts of this state to recover damages for injuries to real estate situate without the state, * * * whenever such an action could be maintained in relation to personal property without the state. The action must be tried in the county in which the parties or some one thereof resides."

The case at bar is under the provisions of this section, and it follows that the Supreme Court has jurisdiction of the subject-matter, providing the section applies to actions brought after it became operative, irrespective of the time when the cause of action accrued. The statute is a remedial one, affecting the remedy and mode of procedure only. Before its enactment the Supreme Court was held to have jurisdiction of such an action where the defendant was personally served with its process, or by his voluntary appearance and submission to jurisdiction without objecting to the authority of the court to hear and determine the action, and a judgment rendered therein was neither void nor voidable, but was binding and conclusive upon the parties. Sentenis et al. v. Ladew et al., 140 N. Y. 463, 35 N. E. 650, 37 Am. St. Rep. 569. I think the section was purely remedial, and was intended by the Legislature to apply to all actions commenced after it became operative, irrespective of the time when the cause of action arose. People v. Green, 201 N. Y. 172, 94 N. E. 658, Ann. Cas. 1912A, 884; Jimeson v. Pierce, 78 App. Div. 9, 79 N. Y. Supp. 3; Hallock v. United States, 185 Fed. 417, 107 C. C. A. 487; Larkin v. Saffarans (C. C.) 15 Fed. 147; People v. City of Syracuse, 128 App. Div. 702, 113 N. Y. Supp. 707; Myers v. Moran, 113 App. Div. 427, 99 N. Y. Supp. 269;

Laird v. Carton, 196 N. Y. 169, 89 N. E. 822, 25 L. R. A. (N. S.) 189; Brearley School, Limited, v. Ward, 138 App. Div. 833, 123 N. Y. Supp. 614; Matter of Davis, 149 N. Y. 539, 44 N. E. 185; Sturges v. Carter, 114 U. S. 511, 5 Sup. Ct. 1014, 29 L. Ed. 240; Moore v. Moore, 143 App. Div. 428, 128 N. Y. Supp. 259, affirmed 208 N. Y. 97, 101 N. E. 711; Lyman v. Rochester Title Insurance Co., 37 App. Div. 234, 55 N. Y. Supp. 770.

This conclusion disposes of all questions arising under the demurrer, and requires an affirmance of the interlocutory judgment and order. The privilege to answer on the merits, if so advised, is secured to the appellant by the order staying proceedings.

Interlocutory judgment and order affirmed, with costs.

JENKS, P. J., and BURR and THOMAS, JJ., concur. CARR, J., not voting.