### UNITED STATES v. CHENNAULT.

#### (District Court, E. D. Louisiana.    January 26, 1916.)

#### No. 2978.

INDICTMENT AND INFORMATION ⬗6—JURISDICTION OF COURT—DIVISION.

Judicial Code (Act Cong. March 3, 1911, c. 231) § 53, 36 Stat. 1087 (Comp. St. 1913, § 1035), providing that all prosecutions for crimes shall be had within the division where the same were committed, unless transferred on defendant's application, changed the former law, which required trials only to be had in such division, and an indictment cannot now, as formerly, be found in a division other than the one in which the offense was committed.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 29–33; Dec. Dig. ⬗6.]

Claire L. Chennault was convicted of violating the Mann White Slave Law, and he moves for a new trial. Motion granted.

Joseph W. Montgomery, Asst. U. S. Atty., of New Orleans, La. George Wesley Smith, of New Orleans, La., for defendant.

FOSTER, District Judge.   In this case the defendant was indicted for a violation of the Mann White Slave Law (Act Cong. June 25, 1910, c. 395, 36 Stat. 825 [Comp. St. 1913, §§ 8812–8819]).   The offense was committed in the Baton Rouge division of the Eastern district of Louisiana, but the indictment was found by a grand jury sitting in the New Orleans division, though impaneled and sworn for the entire district.   On motion of the United States attorney, the indictment was transferred to Baton Rouge for trial.   The defendant interposed a timely demurrer to the jurisdiction, on the ground that the indictment had not been returned in the Baton Rouge division, and hence the prosecution was not had in that division in accordance with section 53, Judicial Code.   The demurrer was overruled, and the case proceeded with to a conviction.   The same question is now presented on a motion for a new trial.

Until now it has been the custom in this district to impanel a grand jury only at New Orleans and then proceed as was done in this case. This was far more convenient to the government and the witnesses, and not a hardship, nor in the slightest degree unfair, to the accused. Under the wording of the former statute (Act Aug. 13, 1888, c. 869, 25 Stat. 438), creating the Baton Rouge division, and the decision in Logan v. United States, 144 U. S. 263, 12 Sup. Ct. 617, 36 L. Ed. 429, there could be no doubt as to the validity of indictments so found and transferred, and the question was never heretofore raised, although the custom continued after the adoption of the Judicial Code.   Section 53, Judicial Code, however, makes a material change in the law.   The part applicable is as follows:

"When a district contains more than one division, * * * all prosecutions for crimes or offenses shall be had within the division of such districts where the same were committed, unless the court, or the judge thereof, upon the application of the defendant, shall order the cause to be transferred * * * to another division of the district."

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The former act was construed as merely requiring the trial to be had in the division where the crime was committed. The finding of the indictment is no part of the trial. By the Judicial Code the *prosecution* must be had in the division. In Post v. United States, 161 U. S. 583, 16 Sup. Ct. 611, 40 L. Ed. 816, the Supreme Court considered a statute creating divisions in the district of Minnesota, reading as follows: " * * * All criminal proceedings instituted for the trial of offenses against the laws of the United States arising in the district of Minnesota, shall be brought, had, and prosecuted in the division of said district in which such offenses were committed"—and held that the court sitting in one division was without jurisdiction to receive indictments for crimes committed in another division. There is no appreciable difference in meaning between the Minnesota statute and section 53, Judicial Code. The finding by the grand jury of an indictment and its return into court is the beginning of a criminal prosecution. Virginia v. Paul, 148 U. S. 107, 13 Sup. Ct. 536, 37 L. Ed. 386. If a prosecution for crime must be had in the division where the crime is committed, necessarily all of the prosecution must be had there, and hence the indictment must be first returned into court in that division.

The motion for a new trial will be granted, with leave to the defendant to renew the demurrer.