COOPER v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. October 16, 1917.)

No. 1536.

1. INDICTMENT AND INFORMATION ⟨⟩10—SUFFICIENCY—TRUE BILL.

An indictment, which under the Constitution is a prerequisite to the prosecution of an infamous crime, is not effective until it is found a true bill by a properly constituted grand jury.

2. INDICTMENT AND INFORMATION ⟨⟩10—SUFFICIENCY—TESTIMONY.

An indictment can only be found upon the testimony of a competent and material witness or witnesses, who must be sworn and examined before the grand jury.

3. INDICTMENT AND INFORMATION ⟨⟩139—MOTION TO QUASH—TIME FOR FILING.

A motion to quash relates to defects appearing on the face of the indictment, and should be made at or before the beginning of trial.

4. CRIMINAL LAW ⟨⟩1023(13)—APPEAL—REVIEW.

A motion for new trial is, as a general rule, not reviewable.

5. CRIMINAL LAW ⟨⟩970(1)—MOTION IN ARREST—PURPOSE.

A motion in arrest of judgment may be used for the purpose of taking advantage of any defect in the indictment, based upon knowledge obtained during or after the conclusion of the trial.

6. CRIMINAL LAW ⟨⟩974(1)—MOTION IN ARREST—INDICTMENT—SUFFICIENCY OF EVIDENCE.

Defendant was convicted of receiving a sum of money to influence his decision as a juror, and after conviction he filed an affidavit reciting that one L., whose name was indorsed on the indictment found against him as one of the witnesses, while testifying on the prosecution of another based on the same transaction, stated that he did not appear before the grand jury at the term at which the indictment was found and did not testify before the same. The defendant's affidavit further recited, on information and belief, that no material and competent evidence was introduced before the grand jury, and that no witness except L. existed who could testify of his own knowledge to the facts set forth in the indictment. The affidavit, which alleged the indictment was found on an ex parte affidavit by L., did not allege that one D., whose name appeared on the indictment as having been sworn and examined by the grand jury, did not give competent testimony on which the indictment could have been based. Held that, though it was contended that the testimony of D. in the subsequent prosecution arising out of the same transaction showed that his evidence was insufficient to have sustained the indictment, the affidavit was an insufficient showing to warrant the sustaining of the motion in arrest, on the ground that the indictment was not based on material and competent testimony, for, as it was necessary to contradict the record to sustain the motion, the showing should be clear and convincing, and defendant by other means might have made such showing.

In error to the District Court of the United States for the Southern District of West Virginia, at Charleston; Benjamin F. Keller and Chas. A. Woods, Judges.

B. E. Cooper was convicted of receiving a sum of money to influence his decision as a juror, and he brings error. Affirmed.

M. F. Stiles, of Charleston, W. Va., for plaintiff in error.

F. W. McCullough, U. S. Atty., of Huntington, W. Va., and Wm. E. Ross, Asst. U. S. Atty., of Bluefield, W. Va.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before PRITCHARD and KNAPP, Circuit Judges, and CONNOR, District Judge.

PRITCHARD, Circuit Judge. This is a criminal action instituted and tried in the District Court of the United States for the Southern District of West Virginia, and now comes here on writ of error. Plaintiff in error was defendant in the court below, and will be hereinafter referred to as such.

Defendant was indicted at the November term, 1915. The indictment contains two counts. In the first it is alleged that defendant agreed with Bigley to receive the sum of $10 to influence his decision as a juror in the case of Jones & Bigley against the Hardwood Package Company. The second count was withdrawn. Defendant was tried on the first count at the November term, 1916, and found guilty. The sentence was held in abeyance until the 13th day of January, 1917. In the meantime Ramage was tried and acquitted, and the indictment against Bigley was nol. pros'd. The indictment against Cooper purported have been found upon the testimony of one J. H. Long and James Duling.

However, it is insisted that at the trial of Ramage it became known for the first time to the defendant and his counsel that Long had never appeared in person before the grand jury, but that the district attorney had presented an affidavit made by Long upon which the indictment was found, and, further, that there was no witness or person upon whose testimony an indictment could be found, except Long, and that, therefore, the indictment was not based upon any competent evidence; that it appeared in the trial of Ramage that the facts testified to by Duling were not competent nor sufficient to sustain the finding of the indictment. At the trial of Cooper, Long testified that upon a certain Friday morning during the trial of Jones & Bigley against the Hardwood Package Company he overheard a conversation between Cooper and Ramage at the Fleetwood Hotel, at which time Ramage offered Cooper $10 if he would hang the jury, or prevent a verdict in favor of the defendant, and that Cooper agreed and accepted the same.

The defendant insists that he proved by sundry reputable and unimpeachable witnesses that, at the time fixed by Long for the conversation between Cooper and Ramage, Ramage was not, nor had not been, at the Fleetwood Hotel, but that he was confined to his room at a different hotel by illness, and therefore could not and did not have the alleged conversation. However, notwithstanding this fact, the jury returned a verdict of guilty against the defendant.

Upon the trial of Ramage the same testimony in substance was given against Cooper, except that Long fixed the day of the conversation as being on Saturday, instead of Friday, that being the last day of the trial, and it was shown that at that time the judge had already directed a verdict in the case, or had intimated that he would do so, and whatever conversation Long heard between Cooper and Ramage related to an entirely different matter, and had no relation to the case on trial, whereupon, after the acquittal of Ramage and the discontinuance of the case against Bigley, the defendant presented to the

court his affidavit, setting out the foregoing facts more particularly than we have stated them, and moved the court to arrest judgment, quash the indictment, and grant a new trial. It is insisted by counsel that, owing to the poverty of Cooper, the case was not reported and no record of the proceedings preserved, further than that shown in the transcript, and therefore defendant is not able to bring up any errors other than those herein indicated.

[1, 2] The point involved in this case, owing to the incomplete state of the record, is difficult of solution. The question which we are called upon to determine is as to whether the court below erred in refusing to arrest the judgment on the ground that the indictment was invalid. The Constitution (Const. Amend. 5) provides that one charged with certain offenses shall not be placed upon trial until the grand jury shall have investigated the subject-matter of the offense alleged in the indictment, and returned a true bill thereon. To this end certain formalities must be complied with in the preparation and presentation of the bill to the grand jury. Technically speaking, such paper cannot be called a bill of indictment until it is found "a true bill" by a properly constituted grand jury. An indictment can only be found upon the testimony of a competent and material witness or witnesses, who must be sworn and examined before the grand jury. In the case of State v. Ivey, 100 N. C. 541, 5 S. E. 407, the Supreme Court of that state, in referring to the importance of complying with the rules and formalities relating to the finding of indictments, said:

"The action of the grand jury, upon bills of indictment, is very important to individuals and the public. On the one hand, the safety, good order, and well-being of society are to be affected for good or evil by it; and, on the other, a person should not be carelessly accused of crime. This should be done upon solemn accusation, and for reasonably apparent cause; it may be of great consequence to the accused, whether the accusation be well or ill founded. Such bills are not to be treated lightly, but seriously; the action of the grand jury must be based, not merely upon conjecture, suspicion, mere information, what they or a member or members of their body may know, but upon the testimony of witnesses duly sworn, or other evidence that comes before them duly authenticated. If a grand juror has knowledge of facts material, he should be sworn as a witness, and examined as such. State v. Cain [8 N. C.] 1 Hawks. 352."

[3-5] It appears from the record that three motions were made in the court below, to wit, motion to quash, motion for a new trial, and motion in arrest of judgment. A motion to quash relates to defects appearing on the face of the indictment, and should be made at or before the beginning of the trial. A motion for new trial is, as a general rule, not reviewable. A motion in arrest of judgment must, from the very nature of things, be made after the trial has been concluded, and may be used for the purpose of taking advantage of any defect in the indictment based upon knowledge obtained during, or after the conclusion of the trial.

[6] In this instance, as we have already stated, it appears from the affidavit of the defendant that the principal and only material witness marked on the indictment did not appear in person and was not sworn and examined by the grand jury; that the indictment in this instance was based solely upon an affidavit which the witness Long had made.

That portion of the defendant's affidavit referring to this point is in the following language:

"That the said J. H. Long, while testifying as a witness on the trial. of the said Ramage, stated that he did not appear before the grand jury at the term at which'said indictment was found and returned, and was not sworn for the purpose of going before said grand jury, and did not testify before the same, and affiant, upon information and belief, charges that no material and competent evidence was introduced before said grand jury, and that no witness except the said Long exists or existed who could testify, of his öwn alleged knowledge, to the facts set forth in said indictment as a sufficient basis for said indictment; and as affiant is informed and believes, and upon such information and belief charges, said indictment was based upon an ex parte affidavit of said Long, not made by him before the grand jury, or in the presence of the grand jury, or in the presence of any member thereof, and which affidavit is now in the possession of the United States attorney for the district aforesaid."

As we have said, another witness by the name of James Duling appears upon the indictment as having been sworn and examined before the grand jury. While the defendant insists that the evidence of Duling was immaterial, and therefore not sufficient to have justified the grand jury in finding a true bill, there is no substantive evidence contained in the defendant's affidavit, nor does it appear by the affidavit or testimony of any other competent witness, that the testimony of Duling was not sufficient upon which to base the indictment. In order to sustain a motion in arrest of judgment where, as in this instance, it is sought to contradict the record, it must be shown by direct and positive evidence (a) that Long did not appear before the grand jury as a witness, and (b) that the evidence of Duling was immaterial and incompetent, and therefore not sufficient to warrant the grand jury in its finding. ' In other words, the evidence in support of a motion of this kind, where it is sought to impeach the record, should be clear and convincing.

The defendant failed to offer evidence of this kind, and now contents himself by offering an affidavit which, in the main, relates to matters that are purely hearsay, stating that he bases the same on information and belief. He could easily have obtained the affidavit of some member of the jury under appropriate process of the court and also the affidavit of the witness Duling, which would have enabled the court in the usual manner to determine as to what really transpired before the grand jury, and, having failed to do so, we are of opinion that the action of the court below in refusing to arrest the judgment was eminently proper.

While we regret that the facts bearing upon this motion were not fully developed in the court below, nevertheless, in view of the state of the record, we are impelled to the conclusion that the judgment of the lower court should be affirmed.