## UNITED STATES v. CHRISTOPHERSON et al.

(District Court, E. D. Missouri, E. D. November 19, 1919.)

### No. 7025.

1. INDICTMENT AND INFORMATION ⬤➡86(2)—AVERMENT OF VENUE.

The place of the commission of an alleged offense ought to be stated with such certainty that it may be seen that the court in which prosecution is brought had jurisdiction of the charge.

2. INDICTMENT AND INFORMATION ⬤➡86(2)—SUFFICIENCY OF AVERMENTS OF JURISDICTION.

In a prosecution under Penal Code, §§ 35, 37 (Comp. St. §§ 10199, 10201), an indictment alleging that defendants, who were officers of a corporation with its chief place of business in St. Louis, Mo., knowingly, unlawfully, willfully, and feloniously made and presented for approval a false claim to an officer in the military service of the United States, held insufficient to charge that the offense was committed in the Eastern district of Missouri.

3. UNITED STATES ⬤➡123—INDICTMENT AS TO FALSE CLAIMS.

In a prosecution under Penal Code, §§ 35, 37 (Comp. St. §§ 10199, 10201), an indictment which alleged that defendants, who were officers of a corporation, prepared a false claim and voucher, which they submitted to an officer of the United States army, held insufficient, not showing that the officer was clothed with authority to examine and approve the claim and voucher.

4. UNITED STATES ⬤➡123—INDICTMENT AS TO FALSE CLAIMS.

In a prosecution under Penal Code, §§ 35, 37 (Comp. St. §§ 10199, 10201), where defendants were charged with feloniously presenting a false claim and voucher to a military officer, a count charging a false claim as to sale of coffee made to the United States held insufficient.

5. INDICTMENT AND INFORMATION ⬤➡76—USE OF TECHNICAL EXPRESSIONS.

Where defendants were indicted for presenting a false claim and voucher to an officer of the United States army, and it appeared that defendants in making the claim used technical expressions or trade terms, the indictment may follow such terms.

6. UNITED STATES ⬤➡123—INDICTMENT AS TO FALSE CLAIMS.

In a prosecution under Penal Code, §§ 35, 37 (Comp. St. §§ 10199, 10201), where it was charged that defendants made a false claim for furnishing cans of black pepper, which purported to weigh one-quarter of a pound each, when in truth they did not contain one-quarter of a pound of such pepper, the indictment should clearly show the exact facts as they existed, and an indictment which merely alleged that the cans purported to weigh one-quarter of a pound, but did not contain that much pepper, is defective, though not fatally defective, because it is obvious that the can or container must have weighed something.

7. UNITED STATES ⬤➡123—FALSE CLAIMS.

It is no defense to a prosecution under Penal Code, §§ 35, 37 (Comp. St. §§ 10199, 10201), for presenting false claims against the United States or conspiring to do so, etc., that the army officer to whom the false claim was presented certified that the articles set out in the voucher and claim had been received by him in the quality and quantity specified.

Louis Christopherson and Charles J. Bauer were indicted for violations of Penal Code, §§ 35, 37. On demurrer to indictment. Demurrer sustained.

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
261 F.—15

Walter L. Hensley, U. S. Atty., and Eustace C. Wheeler, Asst. U. S. Atty., both of St. Louis, Mo.

Robert A. Holland, Jr., Thomas G. Rutledge, and J. M. Lashley, all of St. Louis, Mo., for defendants.

FARIS, District Judge. I. The indictment in this case contains five counts. In four of these counts it is sought to charge against the defendants violations of section 35 of the Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1095 [Comp. St. § 10199]). In the fifth count the provisions of section 37 of the Penal Code (section 10201) are invoked, and it is sought in the latter count to charge these defendants with a conspiracy under section 37. To each count defendants demur, for reasons below discussed in their order.

[1, 2] Imprimis it is urged against counts 1, 2, 3, and 4, by emendation to the demurrer, pursuant to permission, that it is in neither of said counts charged that the offense for which the defendants were indicted occurred in the Eastern division of the Eastern judicial district of Missouri. Apposite upon the latter contention as also upon another ground of demurrer hereinafter referred to, the language of the indictment attacked is as follows:

"That on or about the 31st day of December, 1917, one Louis Christopherson and Charles J. Bauer, who were then and at all times hereinafter mentioned the president and secretary respectively, of the St. Louis Coffee & Spice Mills, a corporation duly organized and existing under the laws of the state of Missouri, with its chief office and place of business in the city of St. Louis, Missouri, and in the division and district aforesaid, and within the jurisdiction of the court aforesaid, did unlawfully, knowingly, willfully, and feloniously make and present, and cause to be made and presented, for approval and payment to one Capt. A. R. Piper, who was then and there an officer in the military service of the United States, a certain false claim and public voucher upon and against the Quartermaster Department of the United States Army."

The above language is all that is contained in the first four counts in the indictment, or either of them, which pertains to the jurisdiction. It is obvious, I think, that while it is charged that the St. Louis Coffee & Spice Mills, a corporation, has its chief office and place of business in the division and district wherein the indictment in this case was found, it is not obvious, nor is it plainly charged, that the offense for which the defendants here stand indicted occurred in said division and district. It is fundamental, I think, that the indictment ought to allege that the crime or offense upon which the indictment is bottomed was committed within the jurisdiction of the court.

I do not think that the language quoted (which, as stated, is all that is contained in the indictment touching the jurisdiction) sufficiently charges that the alleged crime was committed within the jurisdiction of this court. Upon this point the following cases seem apposite: Barrett v. U. S., 169 U. S. 218, 18 Sup. Ct. 327, 42 L. Ed. 723; Rosencrans v. U. S., 165 U. S. 257, 17 Sup. Ct. 302, 41 L. Ed. 708; Post v. U. S., 161 U. S. 583, 16 Sup. Ct. 611, 40 L. Ed. 816; Caha v. U. S., 152 U. S. 211, 14 Sup. Ct. 513, 38 L. Ed. 415.

The rule seems to be that the place of the commission of the offense alleged ought to be stated with such certainty that it may be seen that

the court has jurisdiction of the charge. 22 Cyc. 308. I am therefore constrained to conclude that this objection ought to be sustained.

[3] II. The second point of objection urged by the defendants against the indictment herein applies to each of the five counts contained in the indictment. This objection is bottomed upon the fact that the indictment does not aver that the alleged false voucher was presented to any officer of the United States clothed with authority to examine and approve such voucher for payment, nor does either of the five counts thereof so aver. I have set out above in the quoted excerpt from the indictment all that either of the counts thereof alleges touching such authority. It will be noted that the only charge made therein apposite to this point is that the alleged false voucher was—

"presented for approval and payment to one Capt. A. R. Piper, who was then and there an officer in the military service of the United States."

It will be observed that nothing whatever is averred in the indictment as to the authority of Capt. Piper to approve and pay, or approve for payment, the voucher in question; nor does such indictment set out the arm or branch of the service to which Capt. Piper belonged, so that judicial notice might eke out this omission. While the language of the statute merely makes it an offense to present a false voucher to any civil, military, or naval officer, yet obviously by this language is meant that the officer to whom such voucher shall be presented must be a civil, military, or naval officer, clothed with power to approve and pay the same. Otherwise the mere presentation of a false voucher to any officer of the United States, military, naval, or civil, would be a crime, whether such officer had authority to act in the premises or not. Such condition is unthinkable. I am of opinion that the ruled cases require that an apt allegation of such authority ought to be made in each of the five counts of the indictment. Bridgeman v. U. S., 140 Fed 577, 72 C. C. A. 145; U. S. v. Reichert (C. C.) 32 Fed. 142; U. S. v. Franklin (C. C.) 174 Fed. 161; U. S. v. Wallace (D. C.) 40 Fed. 144; U. S. v. Greene (D. C.) 115 Fed. 343.

While some of these cases were not prosecutions under either section 35 or 37 of the Penal Code, yet what is said in them obviously is apposite to the condition presented in the instant case. I therefore hold that an apt allegation that the officer, to whom the voucher in question was presented, was vested with authority to approve for payment, or to pay such voucher, was necessary, and that lacking such allegation the indictment as to each of the five counts thereof is in this behalf defective.

[4] III. It is specially objected that the fourth count of the indictment herein against the defendants is defective in that the voucher alleged to have been false, and upon which the fourth count of the indictment is bottomed, contains no false statement, but that upon the face of this voucher, which is set out in this count, and upon the face of the charges of falsity contained in this count, it appears that no such falsity existed. Specifically it is charged, in the body of the indictment, that the alleged falsity in the voucher presented consisted of the statement (presumably bottomed upon a contract which so required) that defendants had furnished to the United States "100,000 pounds of Santos B No. 1 grade coffee, as per itemized statement therein set

forth," while in truth and in fact the coffee so furnished by the defendants to the United States was not "Santos B No. 1 grade coffee as per itemized statement therein set forth."

This charge of falsity is bottomed upon the voucher, which voucher contains the whole of the false claim on which each of the four counts is bottomed. The only allegation contained in this voucher pertaining to coffee, reads as follows "Coffee, issue R. & G. 100,000 lbs. 14.25, 14250.00." Nothing seems clearer than that no charge of falsity in the voucher or falsity in the claim made, can be bottomed upon this written language of defendants, and, as stated, this language and this alone, forms the sole basis for the charge in the fourth count of the indictment. I think that the fourth count does not charge any crime against the defendants or either of them, and that as to this count the demurrer ought to be sustained. It is apparent that this defect cannot be cured, even by the finding of another indictment.

[5] Other grounds of demurrer are urged against the fourth count of the indictment; but, without taking up space to consider them, I am of opinion that they have no merit. In brief, the chief of these latter contentions is that the words "Santos B No. 1 grade coffee" meant nothing without explanation, and the indictment contains no explanation. It is obvious that, if the defendants had used technical expressions or trade terms in making the false claim, nothing more ought to be required of the pleader than to follow in the indictment the terms used by defendants themselves. The case of U. S. v. Reichert (C. C.) 32 Fed. loc. cit. 147, does not impress me as being in point, although strenuously urged by defendants' learned counsel as being decisive. It follows that the latter contention ought to be overruled.

[6] IV. It is next contended that counts 1, 2, 3, and 5 of the indictment herein are defective, in that the language used in said counts, by which the alleged falsity of the claim made is sought to be established, shows upon its face that no falsity existed and no false claim was made. All four counts here under discussion had relation to the charge that defendants had made a false claim for furnishing cans of black ground pepper, which purported to weigh one-fourth of a pound each, when in truth and in fact such cans, so furnished, did not contain one-fourth of a pound each of such pepper. The language of the said four counts is similar, except as to quantity, and that of the third count of the indictment reads thus:

"Black ground pepper, as per itemized statement therein set forth, and particularly ninety-six thousand (96,000) cans of black ground pepper purporting to weight one-fourth (¼) of a pound each."

The charging language in the indictment then is that these cans did not contain one-fourth of a pound each of black ground pepper. It is urged that, since the allegation is made that the defendants purported to furnish and did furnish cans of black ground pepper, weighing one-fourth of a pound each, the charge that the amount of pepper furnished in such cans by the defendants did not weigh net one-fourth of a pound each is so obvious as not to constitute a false claim. This is so, it is urged, because the court will take judicial notice that the containing can had some weight. While this contention is highly technical, and

while of itself it would not constitute a fatal defect, since the meaning of the pleader is obvious, I am yet of opinion that, if the defendants are again to be indicted, it will be well to correct this language so as to aptly charge the exact facts as they existed.

[7] I think there is no merit in the point that this prosecution cannot be maintained because the alleged false claim, or voucher, contained the certificate of Capt. Piper, that the articles set out in this voucher had been received by him "in the quality and quantity above specified."

It results, therefore, that the demurrer to the indictment herein, and to each of the five counts thereof, ought to be sustained for the reasons set forth in this memorandum. Let this be done.