## UNITED STATES v. SALIH.

(District Court, D. Massachusetts. March 29, 1923.)

### No. 4276.

1. **Bankruptcy ⊕242(2)—"Criminal proceeding" covers preliminary steps.**

Within Bankruptcy Act, § 7, subd. 9 (Comp. St. § 9589), providing that no testimony given by the bankrupt on his cross-examination shall be offered against him in any criminal proceeding, the term "criminal proceeding," when considered in connection with the protection secured by Const. Amend. 5, is used in a broader sense than proceedings subsequent to the presentment of formal charges, and covers any initial step before a judicial tribunal preliminary to the commencement of a criminal prosecution.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Criminal Proceeding.]

2. **Bankruptcy ⊕242(2)—Examination of bankrupt cannot be used against him before grand jury.**

Bankruptcy Act § 7, subd. 9 (Comp. St. § 9589), providing that no testimony given by a bankrupt shall be offered against him in any criminal proceeding, prohibits the use of such testimony against him in proceedings before the grand jury, so that an indictment based only on evidence as to the testimony given by the bankrupt in his examination must be quashed.

Chikra D. Salih was indicted for an offense under the Bankruptcy Act, and he moves to quash the indictment. Motion allowed.

Robert O. Harris, U. S. Atty., and John W. Schenck, Asst. U. S. Atty., both of Boston, Mass.

Marvin M. Taylor, of Worcester, Mass., for defendant.

BREWSTER, District Judge. The defendant has been indicted by the federal grand jury in this district for an offense under the Bankruptcy Act (Comp. St. §§ 9585–9656). He had been duly adjudicated a bankrupt under the bankruptcy laws of the United States. It was conceded at the hearing that all or substantially all of the evidence submitted before the grand jury was the testimony of the attorney for the trustee in bankruptcy, who had conducted an examination of the bankrupt, and that the evidence thus submitted was derived wholly from such examination and from papers, writings, and documents which were made part of the examination, concerning which the bankrupt had testified during this examination.

[1] The defendant moves to quash the indictment on the ground that it is based upon testimony of the bankrupt given at his examination which was improperly offered in evidence against him in a criminal proceeding. The question presented is whether the proceedings before the grand jury are "criminal proceedings," within the meaning of section 7 (9) of the Bankruptcy Act (Comp. St. § 9589), which provides that the bankrupt shall submit to an examination, "but no testimony given by him shall be offered in evidence against him in any criminal proceeding." It has been held that a criminal proceeding is not instituted until the presentment of formal charges against the accused. Post v. United States, 161 U. S. 583, 16 Sup. Ct. 611, 40 L. Ed. 816. But

when considered in connection with the protection secured by the Fifth Amendment to the Constitution of the United States or by federal statutes granting immunity to witnesses, the term "proceeding" has been used in a broader sense to cover "any initial step before a judicial tribunal preliminary to the commencement of * * * a criminal prosecution." In re Hale (C. C.) 139 Fed. 496–502; United States v. New Departure Mfg. Co. (D. C.) 195 Fed. 778; Counselman v. Hitchcock, 142 U. S. 547, 12 Sup. Ct. 195, 35 L. Ed. 1110.

[2] In the case of United States v. New Departure Mfg. Co. appears the following quotation:

"The word 'proceeding' is not a technical one, and is aptly used by the courts to designate an inquiry before the grand jury. It has received this interpretation in a number of cases."

In Counselman v. Hitchcock the court held that an investigation before the grand jury was a criminal case within the meaning of the Fifth Amendment to the Constitution. Mr. Justice Blatchford observes in this case, referring to the amendment, that "this provision must have a broad construction in favor of the right which it was intended to secure," and again:

"The object was to insure that a person should not be compelled, when acting as a witness in any investigation, to give testimony which might tend to show that he himself had committed a crime."

The proposition that the protection afforded a bankrupt who submitted to examination under section 7 (9) extends to the use of his testimony before a grand jury would seem to have the support of the authorities as well as of sound reasoning. It follows that the evidence upon which the indictment was returned was improperly before the grand jury, and the use of it infringed the defendant's rights secured to him by the laws of the United States, if indeed the use did not encroach upon his constitutional rights. United States v. Silverthorne (D. C.) 265 Fed. 853; Cooper v. United States, 247 Fed. 45, 159 C. C. A. 263; Arndstein v. McCarthy, 254 U. S. 71, 41 Sup. Ct. 26, 65 L. Ed. 138.

Defendant's motion to quash is allowed.