OPINION OF THE COURT
Harold J. Rothwax, J.
The defendant herein is, and was at the time of indictment, a member of the New York State Senate from the 17th Senate District in Brooklyn. The defendant was initially charged with being part of a conspiracy to unlawfully employ the State Senate payroll to compensate campaign workers. These charges were dismissed by the Court of Appeals on grounds of lack of notice that such conduct would constitute the crime of larceny. (People v Ohrenstein, 77 NY2d 38, 52.) The defendant seeks to reargue the issue of sufficiency of the evidence before the Grand Jury to support the remaining counts in light of the Court of Appeals holding.
The Court of Appeals sustained those counts of the indictment relating to so-called "no show” employees. In regard to those counts, including the counts currently before this court, the Court of Appeals held: "The theory underlying these counts is that the defendant * * * filed false [statements] when [he] certified on the payroll records that [this] employee * * * performed 'proper duties,’ and committed larceny when [he] induced the State to rely on the false statements. Here there is no question as to what 'proper duties’ include, because no matter how they are defined, they must at least include the performance of some services, of some type, at some time. Here it is alleged that [this] employee * * * did nothing, that the defendant * * * knew this and that the defendant * * * also knew that [she] had no duties. These allegations are sufficient to sustain these criminal counts (Penal Law §§ 155.30, 155.35, 175.35).” (People v Ohrenstein, 77 NY2d 38, 53, supra.)
It is clear from the foregoing language that the evidence before the Grand Jury was sufficient to support the counts remaining. As this court has previously held:
" 'It has been held, antecedent to this prosecution, that a public official who places on a public payroll under his supervision, persons whom the official knew and intended would not perform any work to earn the money paid them, is guilty of larceny of the public funds paid as salaries. [People v Riccio, *176 91 AD2d 693 (3d Dept. 1982)]. This conduct has been held to constitute larceny by false pretenses based upon the misrepresentation that the person on the payroll will perform the work for which the salary is paid’ [People v Hochberg, 87 Misc.2d 1024, 1030-1031 (Sup Ct Albany Co. 1976), affd 62 AD2d 239 (3d Dept. 1978), mot. for lv. to opp. den. 44 NY2d 953].” (People v Ohrenstein, Sup Ct, NY County, slip opn, at 8-9, July 27, 1988.)
The defendant’s argument that he expected Ms. Zebersky to work, or that she in fact performed some work in exchange for her salary, are matters of fact which the evidence clearly puts in issue and which are for the jury to resolve.
The prosecution principally put the facts just recited in issue by means of Ms. Zebersky’s testimony, including conversations she allegedly tape recorded while speaking to the defendant, in which the defendant directly reveals his knowledge that Ms. Zebersky is not working although she is collecting the salary he is certifying for her, and in which he explicitly refuses her requests for work and even explicitly directs Ms. Zebersky not to work.
These tapes corroborated Ms. Zebersky’s testimony and were authenticated by the testimony of a detective who was familiar with both voices. (See, People v Farruggia, 61 NY2d 775; cf., People v Cona, 49 NY2d 26, 32, n 1.)
The defendant also seeks to reargue the court’s previous ruling in regard to venue. Quite apart from the predicate for venue of the counts encompassed by the campaign conspiracy, this court held "that there is a sufficient jurisdictional predicate under CPL 20.40 (4) (k), in that * * * Zebersky [was] paid purportedly to provide services to the district office * * * of Senator * * * Babbush * * * located at 270 Broadway in New York County”. (People v Ohrenstein, Sup Ct, NY County, slip opn, at 122, n 31, June 15, 1988 [partially published at 139 Misc 2d 909].) CPL 20.40 (4) (k) (ii) states that jurisdiction
"is accorded to the courts of [a] county pursuant to * * * the following rules * * *
"An offense of offering of a false instrument for filing, or of larceny by means of a false pretense therein, may be prosecuted * * *
"in any county in which any of the goods or services for which payment or reimbursement is sought by means of such instrument were purported to have been provided.”
The defendant argues that no factual predicate exists for *177 this holding. The court calls the defendant’s attention to the testimony that Ms. Zebersky ran Senator Babbush’s district office, and that it was her "responsibility to work out of 270 Broadway on non-session days when she was not in Albany” and that no other staff members worked in the district office. If credited, this evidence is a sufficient predicate for the petit jury to find venue in New York County.
The events for which the defendant stands indicted occurred from mid-July 1983 until mid-April 1984. The venue statute under which New York County asserts jurisdiction was enacted in 1985. (L 1985, ch 575, eff Nov. 1, 1985.) The indictment herein was returned in late 1987. The defendant argues that to apply this venue statute to conduct occurring before its effective date would violate the legislative intent in enacting the statute, would be contrary to "fairness and even due process”, and would improperly deprive defendant of an unspecified "substantial right.” The court finds no merit to these contentions for the following reasons.
Venue, like jurisdiction, is a legislative creation, subject to constitutional limitations not implicated by the statute at issue here. (People v Goldswer, 39 NY2d 656 [1976].) Although not in the specific context of venue, courts of our State have recognized legislative power to confer jurisdiction upon an existing court, to try offenses that occurred prior to the conferral of such jurisdiction. (People v Green, 201 NY 172 [1911].) The basis for this holding has been described in these terms: "the section [was] purely remedial, and was intended by the Legislature to apply to all actions commenced after it became operative, irrespective of the time when the cause of action arose. (People v. Green, 201 N. Y. 172 * * *)” (Jacobus v Colgate, 165 App Div 227, 230 [2d Dept 1914], revd on other grounds 217 NY 235 [1916]). Such statutes are not thereby given retroactive effect, as the defendant here contends. They are "merely a regulation of the procedure for the vindication of a right already legally enforceable” (Jacobus v Colgate, 217 NY 235, 244 [1916], supra), in this case by the State in a criminal proceeding.
Courts of other jurisdictions have held that statutes effecting a change of venue are to be prospectively applied. For example, the United States Supreme Court held that an act which restricted to the judicial division within which a crime occurred, jurisdiction of the various District Courts of Minnesota, which until that time had been plenary throughout the district, was to be "construed as acting prospectively, not *178 retrospectively, upon the subject legislated upon. That subject, however, is not a matter of substantive criminal law, but is one of jurisdiction and procedure only. * * * It is but a regulation of procedure * * * only as affects the jurisdiction of the court with regard to the different divisions into which the district is divided”. (Post v United States, 161 US 583, 585-586 [1896].) The court there read the statute as applying to any offense occurring within a district without limitation as to time of occurrence, and thus applicable to any prosecution subsequent to its enactment. In this regard, the court noted: "it is indisputably within the discretion of the legislature, when granting, limiting or redistributing jurisdiction, to include offenses committed before passage of the act. Cook v. United States, 138 U.S. 157, 180. The point of time at which the act is to apply to a particular case, is not the time of committing the offense, but the time of instituting the proceedings.” (Supra, at 586.)
The statute at issue here, similarly contains no express language of limitation as to conduct committed prior to its effective date. Subject matter jurisdiction over the offense is vested in any Department of the Supreme Court of the State of New York designated by the Legislature. (Judiciary Law § 140-b.) The statute itself simply predicates venue upon the representation that services were "purported to have been provided” in the county of prosecution. (CPL 20.40 [4] [k] [ii].) There is nothing in the statutory language from which to infer its nonapplicability to previous conduct subsequently prosecuted. The effective date of the statute simply refers to "the time of instituting the proceedings” (Post v United States, 161 US, supra, at 586). Such statutes should apply to all actions commenced after their effective date for the reasons stated in People v Green (201 NY, supra, at 181), that " 'it would create endless confusion in legal proceedings if every case was to be conducted [according to] the rules of practice * * * in existence when its facts arose. ’ ”
Nor does the court find that such application affects a substantial right of the defendant. To try the defendant in this county would not deprive him of any protection which he would have enjoyed in another county in which venue might also lie. The issue is where, not whether, the defendant may be prosecuted. The statute simply acknowledged the existence of an adequate jurisdictional predicate, it did not "make as criminal an act which was innocent when done; did not aggravate an offense or change the punishment and make it *179 greater than when it was committed; did not alter the rules of evidence and did not deprive [defendant] of any substantial right or immunity which he possessed at the time of the commission of the offense charged.” (Hopkinson v Shillinger, 645 F Supp 374, 388 [US Dist Ct, D Wyo 1986], affd 888 F2d 1286 [10th Cir 1989] [judicial extension of jurisdiction over foreign accessory to crime committed in State under statute which clearly encompassed such conduct did not affect defendant’s substantial rights, even though statute had never been previously so applied]; see also, People v Hudy, 73 NY2d 40, 49.)
Although not dispositive of the issues here raised, the court notes that when in 1953 the Code of Criminal Procedure was amended to allow the District Attorney as well as the defendant to move for a change of venue, at least one Appellate Division apparently assumed that the amendment applied in a prosecution for acts that occurred prior to its effective date, and under an indictment filed prior to such date. (People v Grennan, 284 App Div 657 [3d Dept 1954].) Since the People in that case failed to meet their burden to prove the necessity for a change of venue, the issue of "retroactivity” was not considered. (Supra, at 660.) The court apparently had no doubt, however, that as a matter of statutory interpretation, the Legislature intended that the new procedures in regard to establishing venue be applied to the prosecution of crimes committed before its effective date.
The motion to dismiss the indictment for improper venue is, accordingly, denied.