UNITED STATES of America and Ralph G. Neumann, Special Agent of the Internal Revenue Service, Petitioners,

v.

Harold BONNELL, as Partner of Peat, Marwick, Mitchell & Co., and Peat, Marwick, Mitchell & Co., Respondents.

UNITED STATES of America and Ralph G. Neumann, Special Agent of the Internal Revenue Service, Petitioners,

v.

Charles RICE, as Assistant Vice President of Cargill, Inc., and Cargill, Inc., Respondents.

In re GRAND JURY SUBPOENAS DUCES TECUM INVOLVING CHARLES RICE AND OTHERS.

Civ. Nos. 4–78–190, 4–78–191, Misc. 3–79–20.

United States District Court, D. Minnesota, Fourth Division.

Dec. 27, 1979.

See also D.C., 483 F.Supp. 1085, 483 F.Supp. 1070.

Boris Kostelanetz, Lawrence S. Feld, and Stuart Abrams, Kostelanetz & Ritholz, New York City, for Charles Rice and Cargill, Inc.; Dorsey, Windhorst, Hannaford, Whitney & Halladay, Minneapolis, Minn., of counsel.

Jeffrey R. Brooke and James S. Simonson, Gray, Plant, Mooty, Mooty & Bennett, Minneapolis, Minn., for Kenneth J. Andersen, Harold Bonnell and Peat, Marwick, Mitchell & Co.; Howard Krongard, Associate Gen. Counsel, Peat, Marwick, Mitchell & Co., New York City, of counsel.

Sheryl Ramstad Hvass, Asst. U. S. Atty., Minneapolis, Minn., for the United States of America (Internal Revenue Service) and Ralph Neumann; Stephen G. Fuerth and James P. Sites, Tax Division, Dept. of Justice, Washington, D. C., of counsel.

Thorwald H. Anderson, Jr., and Daniel W. Schermer, Asst. U. S. Attys., Minneapolis, Minn., for the United States of America.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

Before the Court are motions by Cargill, Inc. and Peat, Marwick, Mitchell & Co., Harold Bonnell and Kenneth J. Andersen for certification of certain questions to the United States Court of Appeals for the Eighth Circuit, for a stay of enforcement of grand jury subpoenas pending appeal, and for a stay of enforcement pending appeal of certain summonses issued by the Internal Revenue Service. The Court believes the motions are meritorious.

A complete statement concerning the background of the above-entitled cases may be found in *United States v. Bonnell*, 483 F.Supp. 1070 (D.Minn. Dec. 27, 1979), and *In re Grand Jury Subpoenas Duces Tecum Involving Charles Rice and Others*, 483 F.Supp. 1085 (D.Minn. Dec. 27, 1979). Briefly, both cases arise out of the acquisition by the United States government of the so-called "questioned document," authored by an attorney, which summarized a meeting attended by the attorney, a Cargill lawyer, and personnel from Peat, Marwick. The issues in the two proceedings overlap to a significant extent. The Court's order in *United States v. Bonnell* concerning the enforceability of IRS tax summonses, is immediately appealable, *Reisman v. Caplin*, 375 U.S. 440, 449, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), while denials of motions to quash grand jury subpoenas, such as those involved in *In re Grand Jury Subpoenas Duces Tecum*, are ordinarily not appealable, *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940).

A district judge may certify orders not otherwise appealable to the Court of Appeals in civil actions which involve a controlling question of law as to which there is substantial ground for difference of opinion, the resolution of which may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

### 1. A "civil" action

The threshold question is whether orders concerning grand jury subpoenas are issued in a "civil action." Grand jury proceedings are hybrids of civil and criminal proceedings. After reflecting upon the nature of this case, the purposes of grand jury proceedings, and the goals of § 1292(b), this Court believes that the term "civil action" may be interpreted to include grand jury proceedings such as this one. Although grand juries exist for the purpose of determining whether or not criminal indictments should issue,

[c]riminal proceedings cannot be said to be brought or instituted until a formal charge is openly made against the accused, either by indictment presented or information filed in court, or, at the least, by complaint before a magistrate.

*Post v. United States*, 161 U.S. 583, 587, 16 S.Ct. 611, 613, 40 L.Ed. 816 (1896).

The Eighth Circuit has not passed on the precise question presented in this case, but several circuits have opined that a certification route is available with respect to grand jury questions. *Matter of Grand Jury Impaneled Jan. 21, 1975*, 541 F.2d 373, 376 (3d Cir. 1976) (certification accepted); *In re Grand Jury Proceedings*, 580 F.2d 13, 17 (1st Cir. 1978); *Matter of Doe*, 546 F.2d 498, 501–502 (2d Cir. 1976); *In re Oswalt*, 607 F.2d 645, 648 (5th Cir. 1979). *See also In re Grand Jury Investigation*, 338 F.Supp. 1379, 1380 (W.D.Pa.1972). Contrary authority is found in *In re April 1977 Grand Jury Subpoenas (General Motors)*, 584 F.2d 1366 (6th Cir. 1978) (*en banc*) (5–2 decision). The Sixth Circuit majority relied heavily on *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940), and its progeny, which express a policy against piecemeal appeals which cause inordinate delays in grand jury investigations. This Court is mindful of that policy, but believes that the delay factor is part of the determination as to whether certification would materially advance the litigation. Further, with all respect to the Sixth Circuit majority, this Court finds persuasive the reasoning and analysis of the dissenters.

■ In sum, it is difficult to label a grand jury proceeding as "civil" or "criminal" for all purposes. But, for the purpose of determining whether certification of grand jury questions is appropriate, a grand jury proceeding is a "civil action" within 28 U.S.C. § 1292(b).

2. *§ 1292(b)'s criteria for certification*

■ Section 1292(b) establishes three prerequisites for certification in a civil action. First, the questions must be of such significance as to render them "controlling." In this case, had the questioned document not been obtained, the grand jury investigation might never have begun. Cargill, Peat, Marwick, and associated parties represent that their rights are greatly prejudiced by the fact that the document is the basis for the grand jury probe. By virtually any definition, the issues at stake are "controlling" for all parties involved in the grand jury proceeding.

The issues are also such as to create a substantial ground for difference of opinion. Whether, for example, a document such as the one here at issue may be used by a grand jury as the basis for subpoenas has never previously been decided. Although this Court carefully considered and weighed the competing policies in making its decision, it recognizes that several key issues in this litigation have been hotly contested and pose novel and difficult questions.

Finally, a resolution of the issues by the Court of Appeals for the Eighth Circuit would materially advance this litigation. Cargill may, and most likely will, appeal the denial of Peat, Marwick's motion to quash the grand jury subpoena, *Perlman v. United*

*States*, 247 U.S. 7, 12, 38 S.Ct. 417, 62 L.Ed. 950 (1918). In addition, as noted above, this Court's order regarding the IRS summonses is immediately appealable. Therefore, the only part of these orders not appealable is that pertaining to the grand jury subpoenas on Cargill's employees and attorneys. It would be most efficient for the Eighth Circuit to consider all of the significant and closely related questions raised in this litigation, rather than to deal with them in a piecemeal fashion.[1] Further, a decision by the Court of Appeals on the nature of the questioned document would expedite future civil or criminal trials, if any.

Certification would not materially disrupt the grand jury's investigation. Both Cargill and Peat, Marwick have assured this Court that they will petition the Eighth Circuit for expeditious determination of the certified questions. Those courts that have been reluctant to allow appeals on grand jury issues have feared that "the grand jury's term might expire before the appeals could run their course," *In re Grand Jury Proceedings (U. S. Steel, Etc.)*, 525 F.2d 151, 156 (3d Cir. 1975). In this case, however, the grand jury has not yet begun to meet regularly to consider evidence. Also, because it is a special grand jury, its term may be extended. 18 U.S.C. § 3331. Clearly, the tangible benefits of an immediate consideration of all of the related issues in this litigation outweigh any minimal disruption of the grand jury process.

Following oral argument on the certification motion, the parties met and stipulated that this Court should take certain actions should it find certification to be appropriate. The stipulations are incorporated in this order.

---

1. For example, the issues of whether the questioned document is protected by the attorney-client privilege or the work product privilege, and if so, whether it can be utilized to acquire other documents, are common to both the summons and the grand jury proceedings. As these crucial issues will undoubtedly be before the Court of Appeals pursuant to an appeal by Cargill in the summons proceeding, and possibly before the Court of Appeals in the Peat, Marwick grand jury subpoena proceeding (although it is unclear what issues could be

presented on such an appeal), the Court believes that not only would it be in the interests of common sense and practicality to allow certification of these questions, but that a ruling by the Court of Appeals would expedite future civil and criminal trials, if any. In this regard, a ruling by the Court of Appeals on these issues in both the IRS summons and the grand jury subpoena proceedings will dispel any doubts which might arise concerning the scope of a Court of Appeals decision which dealt only with the IRS summons proceeding.

Accordingly,

IT IS ORDERED that the motions of Cargill and Peat, Marwick to certify certain questions to the United States Court of Appeals for the Eighth Circuit be and hereby are granted. The following questions are hereby certified:

1. Is the so-called "questioned document" a privileged attorney-client communication and, if so, may a grand jury issue subpoenas duces tecum based upon a privileged communication?

2. Is the so-called "questioned document" an attorney's work product and, if so, may a grand jury issue subpoenas duces tecum based upon work product?

3. Has the government's conduct in receiving and using the questioned document and dealing with the informant who provided the document violated any of Cargill's Fifth Amendment rights and, if so, must the subpoenas at issue be quashed?

4. Is the grand jury entitled to production of Cargill's and Peat, Marwick's tax pool and tax contingency analyses?

5. Does the government's use of the grand jury in this case constitute an abuse of the grand jury's powers?

IT IS FURTHER ORDERED that:

This Court's order of December 27, 1979, in *United States v. Bonnell* and *United States v. Rice*, requiring production to the IRS of documents by January 27, 1980, be and hereby is stayed until determination of the certified questions by the Court of Appeals, or until further order of the Court of Appeals or of this Court.

This Court's order of December 27, 1979, in *United States v. Bonnell* and *United States v. Rice*, requiring production to Magistrate Cudd of documents by January 27, 1980, to which Cargill and Peat, Marwick make a claim of privilege, be and hereby is amended to require production of said documents to the Magistrate on or before February 8, 1980.

The special grand jury investigating the transactions here at issue is hereby enjoined from requiring production of documents pursuant to those certain subpoenas duces tecum that have been issued to M.D. McVay, John D. Levine, Boris Kostelanetz, R. Palmer Baker, Jr., Kenneth J. Andersen, Harold Bonnell, and Peat, Marwick, Mitchell & Co. prior to the date of this Order, and enforcement of those subpoenas is hereby stayed. The subpoenas issued to Charles Rice on August 29, 1979, and January 4, 1980, are also stayed, and the grand jury is hereby enjoined from requiring production of documents pursuant to those subpoenas.