**In re GRAND JURY PROCEEDINGS— Subpoena to State Attorney's Office.**

**Thomas H. Greene, Dawson A. McQuaig, Jake Godbold, Don McClure, Intervenors-Appellants.**

**Nos. 87–3228, 87–3412—87–3414, and 87–3472.**

United States Court of Appeals, Eleventh Circuit.

Oct. 26, 1987.

Rehearing and Rehearing En Banc Denied Dec. 10, 1987.

Lamar Winegeart, III, Arnold, Stratford & Booth, Jacksonville, Fla., for Greene.

Elizabeth L. White, Sheppard & White, William Sheppard, Jacksonville, Fla., for McQuaig.

Lacy Mahon, Jr., Jacksonville, Fla., for appellants.

Robert W. Merkle, Curtis S. Fallgatter, M. Alan Ceballos, Asst. U.S. Attys., U.S. Attorney's Office, Jacksonville, Fla., for appellee.

Before TJOFLAT and KRAVITCH, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TJOFLAT, Circuit Judge:

Appellants appeal from an order of the district court denying their motion to quash a federal grand jury subpoena directing a state prosecutor to produce transcripts of their testimony before a state grand jury. We affirm.

### I.

In 1985, the State Attorney's Office for the Fourth Judicial Circuit of the State of Florida initiated a grand jury investigation into allegations of improper influence peddling by certain public officials of the City of Jacksonville. Witnesses appearing before the state grand jury included the four appellants in this case: Jake Godbold, then the mayor of Jacksonville, Don McClure, Godbold's chief administrative aide, Dawson McQuaig, a former general counsel for the city, and Thomas Greene, a practicing attorney and an associate of Godbold's. Each of these witnesses appeared and testified voluntarily.

No criminal charges resulted from the state grand jury investigation. In August 1985, however, the state grand jury issued a report that identified several instances in

which "political favors and game-playing for friends" had infected the City's process of awarding contracts for professional services. Godbold, McClure, McQuaig, and Greene each waived his right under Fla. Stat. § 905.28(1) (1985) to suppress the report. The report, however, did not contain the substance of their testimony.

Meanwhile, federal prosecutors had initiated a federal grand jury investigation into substantially the same matters investigated by the state grand jury. Godbold, McQuaig, McClure, and Greene each indicated that he would assert the fifth amendment if subpoenaed to testify before the federal grand jury. Relying on the disclosure provisions of Fla.Stat. § 905.27(1)(c) (1985),[1] the United States in August 1985 petitioned a state judge to order the State Attorney to turn over to the federal grand jury the appellants' state grand jury testimony. The United States made no factual submission in support of its petition. The state judge refused to enter the order, characterizing the effort to obtain the testimony as a "fishing expedition."

In October 1986, the federal grand jury issued a subpoena duces tecum ordering the State Attorney to produce appellants' state grand jury testimony. The State Attorney moved the federal district court to quash the subpoena, arguing that disclosure of grand jury transcripts was unlawful under Florida law, that the United States had not demonstrated sufficient need for the transcripts, and that comity required the district court to honor the state court's ruling against disclosure. Greene and McQuaig then moved the court to permit them to intervene pursuant to Fed.R.Civ.P. 24 and to file similar motions to quash. In his motion to intervene, McQuaig asserted that prior to testifying before the state grand jury, he had received assurances from the State Attorney that Florida law prohibited any disclosure of his grand jury testimony. Greene did not allege in his motion that he had re-

ceived similar assurances, but stated that he was entitled to intervene because "state grand jury proceedings [are] secret and confidential by virtue of the provisions of Chapter 905 of the Florida Statutes." The district court granted the motions to intervene, and subsequently permitted Godbold and McClure to intervene as well.[2]

In November 1986, the district court entered an order inviting the United States to make an ex parte factual submission showing why it needed the state grand jury transcripts. The government declined to accept the invitation and made no submission. The court then entered an order granting the motions to quash. Applying the balancing test set forth in *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979), the court found that the government had failed to establish a sufficient need for the testimony.

Twenty-eight days after the court granted the motions to quash, the United States filed a "Motion for Reconsideration of Opinion and Order" along with an ex parte affidavit identifying facts supporting the grand jury's need for the testimony. The district court questioned the procedural correctness of the government's motion for reconsideration, and stated that under ordinary circumstances it would not consider the motion. In the court's view, however, denial of the motion would not prevent the United States from obtaining the testimony: the United States could simply reissue the subpoena and defeat any motion to quash on the strength of the information contained in the ex parte affidavit. The court concluded that the most efficient solution was to consider the newly submitted information in the context of the government's motion for reconsideration. After considering the new information in camera, the district court entered an amended order in which it reversed its original order denying the motion to quash. The district court certified its amended order for interlocu-

---

1. Under this provision, a court may order disclosure of grand jury testimony for the purpose of "[f]urthering justice."

2. Godbold and McClure also based their motions to intervene on the Florida grand jury secrecy requirement. The substance of the privilege that appellants assert is discussed in Part III, *infra.*

tory appeal pursuant to 28 U.S.C. § 1292(b) (1982 &. Supp. II 1984), and this court granted permission to appeal. The four intervenors appealed, although the State Attorney did not.

Appellants make two arguments before this court. First, they argue that the government's motion for reconsideration was untimely and that the district court therefore had no authority to hear it. According to appellants, the applicable time limit for the motion was the ten-day limit of Fed.R.Civ.P. 59(e), not, as the government contends, the thirty-day limit of 18 U.S.C. § 3731 (1982 & Supp. II 1984). Second, appellants argue that the district court's amended order was in error for the following reasons: (1) the government had failed to demonstrate a sufficient need for appellants' grand jury testimony, and (2) comity required the court to give greater deference to the state judge's decision against releasing the testimony. Because of the nature of our ruling today, we do not reach the merits of these arguments.

## II.

We first address the threshold issue whether we have jurisdiction to hear this appeal. Although this court granted the intervenors permission to appeal pursuant to section 1292(b), we must of course dismiss the appeal if we are without jurisdiction. *See Robinson v. Tanner*, 798 F.2d 1378, 1379 (11th Cir.1986), *cert. denied*, — U.S. ——, 107 S.Ct. 1979, 95 L.Ed.2d 819 (1987).

Under section 1292(b), a district court may certify for appeal a non-final order entered in a civil action if the court is of the opinion that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and that resolution of the question "may materially advance the ultimate termination of the litigation." By its terms, section 1292(b) applies only to orders in civil actions, and has no application to appeals in criminal cases. *See United States v. Doucet*, 461 F.2d 1095 (5th Cir.1972); *United States v. Lowe*, 433 F.2d 349 (5th Cir.1970). Therefore, we have no jurisdic-

tion to hear this appeal pursuant to section 1292(b) unless the district court's order denying the motion to quash can be considered an order entered in a "civil action."

■ We hold that a grand jury proceeding is not a "civil action" for purposes of section 1292(b). Just in terms of the plain meaning of words, it seems self-evident that an order denying a motion to quash a subpoena issued by a grand jury investigating possible criminal violations is not part of a "civil action." We base our conclusion on more than a mechanical labeling of the proceedings below, however. By expressly limiting section 1292(b)'s application to "controlling question[s] of law" in "civil" cases, Congress clearly indicated its intent not to disturb well-established precedent forbidding piecemeal review of grand jury proceedings. In *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940), decided eighteen years before Congress enacted section 1292(b), the Supreme Court held that a district court's denial of a motion to quash a grand jury subpoena was not an appealable final decision within the meaning of the predecessor section of 28 U.S.C. § 1291 (1982). Noting that the Constitution itself makes the grand jury part of the criminal process, the Court concluded that "[i]t is no less important to safeguard against undue interruption the inquiry instituted by a grand jury than to protect from delay the progress of the trial after an indictment has been found." *Id.* at 327, 60 S.Ct. at 542; *see also Di Bella v. United States*, 369 U.S. 121, 124, 82 S.Ct. 654, 656–57, 7 L.Ed.2d 614 (1962) ("This insistence on finality and prohibition of piecemeal review discourage undue litigiousness and leaden-footed administration of justice, particularly damaging to the conduct of criminal cases.").

Although *Cobbledick* was based on the principle of finality found in section 1291, that same principle finds expression in section 1292(b). We are unable to conclude that Congress, by authorizing permissive interlocutory appeals of "controlling question[s] of law" in "civil" actions, intended to undermine the strong policy against permitting appellate interruption of grand jury

proceedings. *Accord In re April 1977 Grand Jury Subpoenas*, 584 F.2d 1366, 1369 (6th Cir.1978) ("[Section 1292(b)] limits interim review of 'a controlling question of law' to *civil* cases only and, therefore, should not be read to allow interlocutory review of grand jury proceedings."), *cert. denied*, 440 U.S. 934, 99 S.Ct. 1277, 59 L.Ed.2d 492 (1979).

■ We next examine whether there is a separate basis for appellate jurisdiction in this case. As we have already indicated, orders denying motions to quash grand jury subpoenas are ordinarily not appealable final orders under section 1291. The subpoenaed party can obtain review by refusing to comply with the subpoena and then contesting a contempt citation, which is immediately appealable. *See United States v. Ryan*, 402 U.S. 530, 532–33, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971). The contempt route for obtaining review, however, is not open to a third party who claims a privilege of nondisclosure with respect to materials in the custody of the subpoenaed party. In such a case, the putative privilege-holder has no power to compel the subpoenaed party to incur a contempt citation. And the subpoenaed party, unless he has either a particularly close relationship to the putative privilege-holder or a personal interest in nondisclosure of the material, is unlikely to risk a contempt citation simply to vindicate the rights of the third party. In this situation, the order denying the motion to quash is indeed final with respect to the putative privilege-holder, for any prejudice he suffers as a result of disclosure will remain forever unredressed unless appeal is permitted.

Accordingly, this circuit follows the so-called *Perlman* exception to the general rule prohibiting interlocutory appeal of orders denying motions to quash grand jury subpoenas. *See In re Grand Jury Proceedings (Twist)*, 689 F.2d 1351 (11th Cir. 1982); *In re Grand Jury Proceedings (Fine)*, 641 F.2d 199 (5th Cir. Unit A Mar. 1981); *cf. In re International Horizons, Inc.*, 689 F.2d 996 (11th Cir.1982) (discovery order in bankruptcy proceedings). This exception, derived from *Perlman v. United States*, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918), and confirmed in *United States v. Nixon*, 418 U.S. 683, 691, 94 S.Ct. 3090, 3099, 41 L.Ed.2d 1039 (1974), permits an order denying a motion to quash to be "considered final as to the injured third party who is otherwise powerless to prevent the revelation." *Fine*, 641 F.2d at 202.

■ The circumstances supporting application of the *Perlman* exception are present in this case. Relying on the Florida grand jury secrecy requirement, appellants in essence assert a privilege of nondisclosure. The material with respect to which they assert the privilege—transcripts of their state grand jury testimony—is in the custody of the State Attorney. The State Attorney has indicated his intention to produce the transcripts. In light of these circumstances, the order denying the motion to quash is a final order as far as appellants are concerned. We therefore have jurisdiction to hear their appeal.[3]

### III.

In deciding that the narrow *Perlman* exception applies in this case, we have also necessarily defined the scope of the matters properly before us for review. Appellants raise several objections to disclosure, including procedural objections and objections based on comity considerations and the need to protect the integrity of the Florida grand jury system. However, the only matter that the *Perlman* exception gives us jurisdiction to review is the appellants' claim of privilege to prevent disclosure of their state grand jury testimony.

---

3. We note that the only material sought from the subpoenaed party in this case is material that falls squarely within the privilege asserted by the third parties. This is not a case, then, where a party has been subpoenaed to testify or produce records and a third party merely fears that privileged material may be disclosed along with other, nonprivileged material. In the latter situation, the case is not ripe for appellate review until the subpoenaed party has actually been asked to reveal specific material covered by the asserted privilege. *See In re Grand Jury Proceedings (Doe )*, 831 F.2d 222 (11th Cir.1987).

The rationale of the *Perlman* exception extends only to appeals based on privileges personal to the third party seeking review: if the subpoenaed party has a direct or primary interest in the right or privilege in question, the concerns giving rise to the *Perlman* exception simply are not present. Here, to the extent that their objections to disclosure are based on concerns relating to comity and the integrity of the Florida grand jury, appellants cannot argue that the subpoenaed party had no interest in seeking to vindicate their derivative rights. Indeed, the subpoenaed party—the State of Florida as represented by the State Attorney—had as its *primary* interest the protection of its grand jury system. Accordingly, the *Perlman* exception does not give us jurisdiction to review the appellants' arguments concerning comity and the need to preserve the integrity of the Florida grand jury.[4] Nor does it give us jurisdiction to review their procedural arguments. Thus, we do not pass upon the district court's disposition of those matters and we turn to appellants' claims of privilege.

The appellants' motions to intervene in the district court proceedings reveal the nature of the privilege they assert. Appellant McQuaig's motion stated that "[p]rior to appearing before the [state] Grand Jury, Mr. McQuaig was advised by the State Attorney that pursuant to Section 905.27, Fla.Stat. (1985): a) none of the testimony he provided to the Grand Jury was disclosable under the law; and b) any disclosure of said testimony was a crime." Appellant Green's motion stated that "[the] state grand jury proceedings were secret and confidential by virtue of the provisions of Chapter 905 of the Florida Statutes." Appellant Godbold's motion stated that "testimony was provided with the understanding on the part of Jake Godbold that pursuant to § 905.27 of the *Florida Statutes*, his testimony would not and could not be disclosed under the law." Finally, appellant McClure's motion stated that "[t]he substantial interest of Don McClure is equal to or greater than that of the two other parties previously allowed to intervene."

In essence, then, appellants derive the privilege they assert from the Florida statutory grand jury secrecy requirement. The statute imposing that requirement provides as follows:

(1) A grand juror, state attorney, assistant state attorney, reporter, stenographer, interpreter, or any other person appearing before the grand jury shall not disclose the testimony of a witness examined before the grand jury or other evidence received by it except when required by a court to disclose the testimony for the purpose of:

(a) Ascertaining whether it is consistent with the testimony given by the witness before the court;

(b) Determining whether the witness is guilty of perjury; or

(c) Furthering justice.

Fla.Stat. § 905.27 (1985).[5]

■ Federal Rule of Evidence 501 provides that privileges in federal court pro-

---

**4.** We should emphasize that this discussion relates only to appellants' right to appeal under the *Perlman* exception. It does not relate to their standing to raise these claims before the district court.

**5.** The remainder of section 905.27 provides as follows:

(2) It is unlawful for any person knowingly to publish, broadcast, disclose, divulge, or communicate to any other person, or knowingly to cause or permit to be published, broadcast, disclosed, divulged, or communicated to any other person, in any manner whatsoever, any testimony of a witness examined before the grand jury, or the content, gist, or import thereof, except when such testimony is or has been disclosed in a court proceeding. When a court orders the disclo-

sure of such testimony pursuant to subsection (1) for use in a criminal case, it may be disclosed to the prosecuting attorney of the court in which such criminal case is pending, and by him to his assistants, legal associates, and employees, and to the defendant and his attorney, and by the latter to his legal associates and employees. When such disclosure is ordered by a court pursuant to subsection (1) for use in a civil case, it may be disclosed to all parties to the case and to their attorneys and by the latter to their legal associates and employees. However, the grand jury testimony afforded such persons by the court can only be used in the defense or prosecution of the civil or criminal case and for no other purpose whatsoever.

(3) Nothing in this section shall affect the attorney-client relationship. A client shall

ceedings "shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." The privilege appellants assert, as stated in their motions to intervene, is based solely on state law.[6] We acknowledge that some federal courts have recognized state law evidentiary privileges in particular cases when to do so would not substantially burden federal policies. *See, e.g., Lora v. Board of Education,* 74 F.R.D. 565, 576 (E.D.N.Y.); *cf. ACLU v. Finch,* 638 F.2d 1336, 1342–45 (5th Cir. Unit A Mar. 1981).

We need not apply any such balancing test here, however, because we find that the privilege asserted by appellants is without a basis in Florida law. We find no evidence that the Florida courts derive an evidentiary privilege from Fla.Stat. § 905.-27. Indeed, the Florida Supreme Court has noted that

> [t]he rule of secrecy concerning matters transpiring in the grand jury room is not designed for the protection of witnesses before the grand jury, but for that of the grand jurors, and in furtherance of the public justice. A witness before the grand jury has no privilege of having his testimony there treated as a confidential communication....

*State ex rel. Brown v. Dewell,* 167 So. 687, 690 (Fla.1936). Florida case law directly construing section 905.27 fails to provide a contrary interpretation of the relationship between the secrecy requirement and the rights of grand jury witnesses.[7] Accordingly, we conclude that appellants

have no privilege of nondisclosure under state law. A federal court will not selectively reach into a state code and fashion evidentiary privileges merely to suit the purposes of the parties before it.

### IV.

In light of our conclusion that appellants have no privilege of nondisclosure under state law, we affirm the district court's order denying their motion to quash. Because we must observe the limitations on our appellate jurisdiction discussed above, we dismiss their appeal to the extent that it is based on other objections to disclosure.

AFFIRMED in part; DISMISSED in part.

---

have the right to communicate to his attorney any testimony given by the client to the grand jury, any matters involving the client discussed in the client's presence before the grand jury, and any evidence involving the client received by or proffered to the grand jury in the client's presence.

(4) Persons convicted of violating this section shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.-083, or by fine not exceeding $5,000, or both.

(5) A violation of this section shall constitute criminal contempt of court.

6. In their briefs, appellants suggest that the privilege they assert has an independent basis in the

federal common law presumption of grand jury secrecy. That presumption, which is codified in Fed.R.Crim.P. 6(e), relates to disclosure of federal grand jury records. It cannot be asserted in the form of a privilege by appellants, who seek to prevent disclosure of their *state* grand jury testimony.

7. Some Florida cases refer to the "privilege" of a grand jury witness, but only with reference to the general principle under Florida law that a witness' testimony in a judicial proceeding cannot be used as the basis of a defamation action. *See, e.g., State v. Tillett,* 111 So.2d 716 (Fla.Dist. Ct.App.1959).