### In re GRAND JURY PROCEEDINGS JUNE 1991.

### No. 91–Y–129.

United States District Court, D. Colorado.

July 3, 1991.

Thomas O'Rourke, Denver, Colo.

Daniel Sears, Raymond Friedlob and Thomas Bromberg, Denver, Colo.

### MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

X Corporation (X)[1] moved to intervene in a federal grand jury proceeding, moved to quash subpoenas duces tecum served on its in-house counsel and its former assistant counsel, and sought a protective order to preclude questioning these attorneys regarding communications allegedly subject to the corporation's attorney-client privilege. After considering briefs and hearing argument, I denied both those motions, holding that the crime-fraud exception to the attorney-client privilege applied.

 Pursuant to 28 U.S.C. § 1292(b), X filed a motion for certification of issues for interlocutory appeal and for a stay pending that appeal of this court's denial of its motions. At a hearing, I denied the motion for certification. This order explicates the basis for the latter ruling.

Section 1292(b), 28 U.S.C., provides that: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after entry of the order: *Provided, however*, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

The statute imposes four criteria to be met before an issue may be are certified for appeal under § 1292(b):

(1) the action must be a "civil action";

(2) the court must conclude that the order from which appeal is to be taken involves a "controlling question of law";

(3) as to that question there must be "substantial ground for difference of opinion"; and

(4) the court must believe that "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Citing *United States v. Bonnell*, 483 F.Supp. 1091 (D.Minn.1979), X argued that all four criteria are here established. *Bonnell* involved, not a grand jury, but an investigation by the Internal Revenue Service into possible criminal tax violations. The party asserting that a document obtained by the IRS was subject to attorney-client privilege sought § 1292(b) certification and a stay of enforcement of grand jury subpoenas pending appeal. The grand jury in that case had not yet begun to meet, and because it was a special grand jury, its term could have been extended. *Id.* at 1093.

Addressing whether the § 1292(b) criteria had been met, the *Bonnell* court determined, first, that:

"After reflecting upon the nature of this case, the purposes of grand jury proceedings, and the goals of § 1292(b), this Court believes that the term "civil action" may be interpreted to include grand jury proceedings such as this one." 483 F.Supp. at 1092.

In reaching that conclusion, the court noted that its Circuit, the Eighth, had not passed on the question whether grand jury proceedings were "civil actions," and recognized a split of authority among other circuits. *Id.* at 1092.

Second, the court found the question presented to be "controlling" because disclosure of the document sought would cause prejudice to parties involved in the grand jury proceeding. *Id.* at 1093. Third, it determined that the question whether the document was subject to privilege was one creating substantial ground for difference

1. The movant is identified by this fictitious name to preserve the secrecy of the grand jury proceeding to which its motion is addressed.

of opinion.[2]

Finally, the *Bonnell* court determined that the joinder on appeal of the issue sought to be appealed with several other issues that clearly were appealable would allow expeditious determination of all questions in one appeal. *Id.* Noting that other courts had been reluctant to allow appeals because of concern that the grand jury's term might expire before the completion of the appellate process, *citing In re Grand Jury Proceedings (U.S. Steel–Clairton Works)*, 525 F.2d 151, 156 (3d Cir.1975), and mindful of the policy against allowing piecemeal appeals that cause inordinate delays in grand jury investigations, *citing Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940), the court found that "immediate consideration of all the related issues in this litigation outweigh any minimal disruption of the grand jury process." *Bonnell*, 483 F.Supp. at 1092–93. Delay of the grand jury inquiry was not a deterrent to certification because the special grand jury's term could be extended if necessary. *Id.* at 1093.

*Bonnell* obviously is not controlling precedent in this circuit and the Tenth Circuit has not spoken on the issue before me. I conclude that the better reasoned analysis is found in cases not cited by X in presenting its motion. Further, even if I were to accept *Bonnell's* conclusion that grand jury proceedings are "civil actions" within the meaning of § 1292(b) (which I do not), I conclude that the facts relied upon to justify certification under § 1292(b) in *Bonnell* are not present here.

The more recent cases hold that grand jury proceedings are not "civil actions," and therefore that § 1292(b) certification is unavailable in a grand jury context. *In re Grand Jury Proceedings*, 832 F.2d 554 (11th Cir.1987), for example, was a case in which the district court had certified a § 1292(b) appeal. The Eleventh Circuit there declared:

"We hold that a grand jury proceeding is not a "civil action" for purposes of section 1292(b). Just in terms of the plain meaning of the words, it seems self-evident that an order denying a motion to quash a subpoena issued by a grand jury investigating a possible criminal violation is not part of a "civil action." We base our conclusion on more than a mechanical labeling of the proceedings below, however. By expressly limiting section 1292(b)'s application to "controlling question[s] of law" in "civil" cases, Congress clearly indicated its intent not to disturb well-established precedent forbidding piecemeal review of grand jury proceedings. In *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940), decided eighteen years before Congress enacted section 1292(b), the Supreme Court held that a district court's denial of a motion to quash a grand jury subpoena was not an appealable final decision within the meaning of the predecessor section of 28 U.S.C. § 1291 (1982). Noting that the Constitution itself makes the grand jury a part of the criminal process, the Court concluded that "[i]t is no less important to safeguard against undue interruption the inquiry instituted by the grand jury than to protect from delay the progress of trial after an indictment has been found.…

We are unable to conclude that Congress, by authorizing permissive interlocutory appeals of "controlling questions of law" in "civil" actions, intended to undermine the strong policy against permitting appellate interruption of grand jury proceedings." *Id.* at 557–58.

Similarly, at least one court held, prior to *Bonnell*, that a grand jury investigation of possible criminal tax violations is not a civil action. *See In re April 1977 Grand Jury Subpoenas*, 584 F.2d 1366, 1368 (6th Cir. 1978) (further holding that even if the appeal could be deemed a "civil action," the appeal would be dismissed because it would

---

**2.** A close reading of *Bonnell* reveals that the court was persuaded to so rule because "several key issues [unrelated to the privilege question] in this litigation have been hotly contested and pose novel and difficult questions." *Bonnell,* 483 F.Supp. at 1093. The conclusion is inescapable that the court found justification for certification of its question in the fact that *related matters* presented issues subject to a difference of opinion. *Id.*

not materially advance ultimate termination of the litigation). *See also In re Grand Jury Subpoena Duces Tecum, 1985,* 775 F.2d 499, 502 (2d Cir.1985) (in deciding that no costs were awardable under the Equal Access to Justice Act to party successful on motion to quash grand jury subpoena, court noted that "[p]roceedings before a grand jury are essentially criminal in nature.").

Admittedly there is a split of authority on whether § 1292(b) certification is available in the grand jury context. *See, e.g., In re Grand Jury Empanelled August 14, 1979,* 638 F.2d 1235 (3d Cir.1981) (noting possibility that § 1292(b) could be invoked, noting problems with its use, and finding no jurisdiction under § 1291); *In re Grand Jury Investigation,* 599 F.2d 1224, 1244–45 (3d Cir.1979) (noting possibility of § 1292(b)'s application, but determining that appellate jurisdiction existed only under § 1291, not § 1292(b)); *Bonnell,* 483 F.Supp. at 1092 (and cases there cited).

I am persuaded by the better reasoned analysis of the Eleventh Circuit in *In re Grand Jury Proceedings,* 832 F.2d 554, and the other above cited cases that grand jury proceedings are not "civil actions." The predominant functions of a grand jury proceeding are to investigate charges in serious criminal cases and return indictments where appropriate. *Costello v. United States,* 350 U.S. 359, 362, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956). A grand jury is convened pursuant to Fed.R.Crim.P. 6, and its proceedings are criminal in nature, even though its actions, like those in a criminal trial itself, may give rise to collateral controversies where criminality is not an immediate issue. *See Grand Jury Subpoena Duces Tecum,* 775 F.2d at 502. Indeed, the United States Constitution itself makes the grand jury a part of the criminal process. U.S. Const. amend. V.

Had Congress intended § 1292(b) to allow interlocutory appeals from criminal investigations, it could have easily so provided, but it did not. This court will not construe the plain language of that statute in a manner contrary to Congress' manifest intent not to disturb the strong policy against piecemeal appeal to delay grand jury proceedings. *Cobbledick,* 309 U.S. at 327, 60 S.Ct. at 542.

Moreover, I am unconvinced that grand jury proceedings are "actions" at all, civil or criminal. Rather, they are part of the investigatory process that *precedes* the institution of criminal actions. As the United States Supreme Court noted almost 100 years ago in *Post v. United States,* 161 U.S. 583, 16 S.Ct. 611, 40 L.Ed. 816 (1896), a case relied on by the *Bonnell* court, a criminal proceeding is not commenced until a formal charge is brought openly. Thus there can be no "action" until that time. It strains credulity to assert that grand jury proceedings, which exhibit only limited aspects of the adversarial characteristics of lawsuits prosecuted in open court, constitute "actions" within the common meaning of that term or of the statute here at issue. For the above reasons, I hold that a grand jury proceeding is not a "civil action" for purposes of 28 U.S.C. § 1292(b).

■ Assuming, *arguendo,* that grand jury proceedings are "civil actions," however, I conclude that the second through fourth criteria for certifying issues for appeal under § 1292(b) are not met in the instant case.

■ The statute's second requirement is that the question of law presented for appeal be "controlling." The critical requirement is that the question be one having the potential for substantially accelerating disposition of the litigation. 9 Moore's Federal Practice, ¶ 110.22[2] (1991). If the correct answer to the question will end the matter pending, the question is controlling. *Id.*

The questions presented in X's motions fail to meet this requirement. They are not controlling in the sense that their resolution would accomplish the speedy resolution of the grand jury inquiry. Rather the reference of these matters by certification on interlocutory appeal would achieve the opposite result, delay in the grand jury's work.

The third requirement is that substantial grounds for difference of opinion exist as

to the question to be certified. That standard implies that the question is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions. The questions here presented relate to intervention in grand jury proceedings and attorney-client privilege on which much law exists. They are not of the kind normally qualifying for interlocutory appeal.

Finally, the instant proposed appeal would doubtless not materially advance ultimate termination of the litigation (assuming that the proceedings of a grand jury constitute "litigation" at all). This case is inapposite to *Bonnell* where the special grand jury proceedings had not commenced and could be extended. Nor are several related issues, for which appeal clearly may be taken, here joined with the issues on which X seeks review, as in *Bonnell.* Granting X's motion, I conclude, would cause undue delay in the pending grand jury investigation, contrary to the strong policy expressed by United States Supreme Court that grand jury proceedings should not be so delayed. *Cobbledick,* 309 U.S. at 327, 60 S.Ct. at 542.

X, choosing among available alternatives, sought review only under 28 U.S.C. § 1292(b). It could well have proceeded under 28 U.S.C. § 1291 or sought an extraordinary writ. *See In re Vargas,* 723 F.2d 1461 (10th Cir.1983). I express no opinion, however, on the availability of any such alternate vehicle for appeal, for no such issue has been raised before me. In conclusion, I hold that X is not entitled to interlocutory appeal under 28 U.S.C. § 1292(b).

Accordingly, IT IS ORDERED that X's motion for § 1292(b) certification of issues for interlocutory appeal and for a stay pending appeal is denied.