Larry **EAGAN**, Plaintiff,

v.

**CSX TRANSPORTATION, INC. Defendant.**

**No. CIV. 01–40096.**

United States District Court, E.D. Michigan, Southern Division.

Nov. 26, 2003.

David J. Nickola, Nickola Assoc., Flint, MI, Steven L. Kantor, Williamsville, NY, for Larry Eagan, plaintiff.

Arthur T. Lippert, Jr., Gary R. Campbell, Lippert & Humphreys, Saginaw, MI, for CSX Transportation, Incorporated, defendant.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR INTERLOCUTORY APPEAL

GADOLA, District Judge.

Before the Court is Plaintiff's "Motion to Amend and Certify the Court's Order

Granting Defendant's Motion for Mistrial and Interlocutory Appeal." For the reasons set forth below, the Court will grant Plaintiff's motion and will certify the order granting a mistrial for appeal pursuant to 28 U.S.C. § 1292(b).

## I. BACKGROUND

Plaintiff, a former employee of Defendant CSX Transportation, Incorporated, brought this action pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq. Plaintiff alleged that Defendant failed to provide him with a safe place to work, and that, as a result of Defendant's negligence, Plaintiff was injured on October 9, 1999. On that date, Plaintiff allegedly slipped and fell on a "blue flag" that was left between the railroad tracks at the rail yard where he was employed.

The trial in this case commenced on October 22, 2002 and concluded on October 29, 2002. The jury awarded Plaintiff $750,000 in economic damages, sustained past, present, and future, and $1,750,000 in damages for pain and suffering, disability, disfigurement, mental anguish, and loss of capacity for enjoyment of life, past, present, and future.

Defendant moved for a mistrial following the rebuttal argument of Plaintiff's counsel. After briefing and oral argument on the motion, the Court granted the motion on July 14, 2003. Plaintiff now moves to certify the Court's order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## II. ANALYSIS

### A. CONCURRENCE IN THE MOTION

■ At the outset, Defendant argues that Plaintiff failed to seek concurrence in the motion and failed to state in the motion that concurrence was sought. As a result, Defendant argues that the motion violates Local Rule 7.1. *See* E.D. Mich. LR

7.1(a)(1) and 7.1(a)(2). Plaintiff, in the reply brief, claims that concurrence was sought and denied. Regardless of whether Plaintiff sought concurrence, Plaintiff's motion does not state that Plaintiff sought concurrence. Consequently, the Court concludes that the motion does not comply with local rule 7.1(a)(2).

The Court could strike the motion for failure to comply with the local rules. Local Rule 1.2, however, provides that "[f]or good cause shown, for a particular matter, any Judge of this Court may temporarily suspend the operation of the Rules." E.D. Mich. LR 1.2. In this case, Defendant's opposition to the motion demonstrates that there is no concurrence in the motion. Furthermore, efficiency would be served by adjudicating the motion. The Court will therefore apply Local Rule 1.2, temporarily suspend the requirement of the local rules for this particular matter, and address the motion even though it does not conform to the Local Rules.

### B. TIMELINESS OF THE MOTION

■ Defendant also argues that Plaintiff's motion was not timely filed. Plaintiff filed his motion sixteen days after the filing of this Court's order granting a mistrial. Defendant cites Rule 59(e), which provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R.Civ.P. 59(e). Defendant further cites Rule 54(a) to define a judgment as including "a decree and any order from which an appeal lies." Fed.R.Civ.P. 54(a).

■ An appeal lies "from all final decisions of the district courts." 28 U.S.C. § 1291. The order granting a mistrial is not a final decision; it does not "end[ ] the litigation on the merits and leave nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945).

An appeal lies from this order only if the order is certified for appeal pursuant to 28 U.S.C. § 1292(b). Since the order had not been certified, the order was not a judgment under the definition of Rule 54(a). Therefore, the ten-day requirement of Rule 59(e) did not apply.

Furthermore, the ten-day limit in 28 U.S.C. § 1292(b) applies to filing an appeal with the Court of Appeals, not to filing a motion for interlocutory appeal with a district court: "[t]he Court of Appeals which would have jurisdiction of an appeal of such action may … permit an appeal … if application is made to it within 10 days after the entry of the order." 28 U.S.C. § 1292(b). As another district court reasoned in addressing this issue of timeliness:

> Section 1292(b) does contain its own explicit ten-day time limitation[,] but it is not the one that is relevant to this case. To certify an order for an interlocutory appeal, a district court may do so in the order itself (the method contemplated by the statute) or it may do so in a separate order subsequent to the order appealed from …. The *ten-day time limitation under § 1292(b) only applies once the district court certifies the order to be appealed. It does not address how long a party may wait before filing a request to certify an earlier order.*

*Panache Broad. of Penn., Inc. v. Richardson Elec., Ltd.,* No. 90 C 6400, 1999 WL 1024560, at *2 (N.D.Ill. Oct.29, 1999) (emphasis added). The plain language of the statute indicates that the ten-day time limit applies only after a district court certifies an order for an appeal; the time limit does not apply to the timing for filing a motion for interlocutory appeal.

Since the ten-day limit does not apply to this motion, the Court will examine whether the motion was filed within a reasonable time. Courts have considered delays over two months between the filing of an order and the filing of a motion for interlocutory appeal to be unreasonable. *Ferraro v. Sec'y of U.S. Dep't of Health & Human Servs.,* 780 F.Supp. 978, 979 (E.D.N.Y.1992) (delaying two-and-a-half months before filing for interlocutory appeal weighs against certifying order for appeal); *Weir v. Propst,* 915 F.2d 283 (7th Cir.1990) (requiring a reason for the delay when there was a delay of over two months before filing for interlocutory appeal in the district court).

In this case, the motion was filed sixteen days after the filing of the Court's order, including Saturdays and Sundays; if Saturdays and Sundays are excluded, then the motion was filed twelve days after the filing of the Court's order. Defendant does not claim any prejudice from the timing; Defendant instead argues for a ten-day time limit, which the Court considers inapplicable. The Court does not consider sixteen days to be unreasonable or to constitute a delay. Accordingly, the Court will consider the motion to be timely filed and will address the motion on the merits.

## C. INTERLOCUTORY APPEAL

The standard for granting an interlocutory appeal is stated in 28 U.S.C. § 1292(b). This section states, in relevant part, that

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b); *In re: City of Memphis,* 293 F.3d 345, 350 (6th Cir.2002). The Sixth Circuit states that this review

"is granted sparingly and only in exceptional cases." *City of Memphis*, 293 F.3d at 350 (citation omitted). To determine whether certification is appropriate, the Court must consider whether the order granting a mistrial (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) whether an immediate appeal would advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

## 1. CONTROLLING QUESTION OF LAW

■ There are two issues involved in the order which Plaintiff requests to be certified: (1) did Defendant's failure to object during closing argument waive Defendant's right to object to those comments and (2) did statements made by Plaintiff's counsel rise to such a level that they warrant a mistrial. Defendant argues that matters within the discretion of the court are not the type of issue appropriate for interlocutory appeal. Defendant notes that in reviewing a district court's grant of a mistrial, the Sixth Circuit reviews the matter for abuse of discretion. *Grossheim v. Freightliner Corp.*, 974 F.2d 745, 753 (6th Cir.1992) (citation omitted). Defendant further argues that since this order is reviewed for an abuse of discretion, it is a matter within the discretion of the district court. Defendant seems to conflate matters of discretion with the abuse of discretion standard of review.

■ While granting a mistrial is within the discretion of the district court, in doing so the Court applies a legal standard. In this case, the first issue concerns how Defendant's failure to object during closing argument affects the legal standard for determining whether a new trial is warranted: "failure to object at trial to closing arguments does raise the degree of prejudice which must be demonstrated to get a new trial on appeal." *Strickland v.*

*Owens Corning*, 142 F.3d 353, 358–9 (6th Cir.1998) (citation omitted). The second issue involves mixed questions of law and fact: did the conduct of Plaintiff's counsel rise to such a level that a mistrial is warranted.

The Sixth Circuit has held that "[m]ixed questions of fact and law are treated as questions of law for purposes of an interlocutory appeal." *Flint v. Ky. Dept. of Corr.*, 270 F.3d 340, 346 (6th Cir.2001) (citing *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir.1999)). In *Williams*, the Sixth Circuit considered whether certain conduct by doctors rose to the level of deliberate indifference. *Williams* 186 F.3d at 690. The Sixth Circuit held this question to be a matter of law for the purposes of an interlocutory appeal. *Id.* In this case, the Court must determine whether the conduct of a lawyer rises to such a level as to warrant the grant of a mistrial. This situation is analogous to *Williams*, in which the Sixth Circuit determined that a question of law was at issue. The Court, therefore, concludes that the questions at issue in this case are questions of law.

■ Additionally, these questions of law are controlling. "All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *In re: Baker & Getty Fin. Servs.*, 954 F.2d 1169, 1172 n. 8 (6th Cir.1992) (citations and internal quotations omitted); *see also City of Memphis*, 293 F.3d at 351 (citation omitted). In this case, the resolution of the issue on appeal could materially affect the outcome of the litigation in the district court by obviating the need for a second trial. The Court therefore concludes that this order does involve a controlling question of law. The matter therefore fulfills this requirement for certification pursuant to 28 U.S.C. § 1292(b).

## 2. SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION

The Court must next determine whether there is a substantial ground for difference of opinion in determining whether the conduct in this case warrants a mistrial. Another district court has held that this element requires "that the question is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions." *In re: Grand Jury Proceedings,* 767 F.Supp. 222, 226 (D.Colo.1991). Another district court has reasoned that "substantial grounds for a difference of opinion exist when (1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." *Gaylord Entm't Co. v. Gilmore Entm't Group* 187 F.Supp.2d 926, 956 (M.D.Tenn.2001).

In this case, determining whether the comments of counsel warrant a mistrial is a difficult question that is not substantially guided by previous decisions. The particular facts in this case have not previously been addressed by the Sixth Circuit. There can be substantial ground for difference of opinion in how the legal standard for a mistrial should be applied to these facts. Accordingly, the Court determines that there is substantial ground for difference of opinion. Therefore, this matter fulfills this requirement for certification pursuant to 28 U.S.C. § 1292(b).

## 3. MATERIALLY ADVANCE THE TERMINATION OF THE LITIGATION

An immediate appeal could materially advance the termination of the litigation. If the Sixth Circuit were to find that counsel's conduct did not warrant a mistrial, the parties and the Court would not need to conduct a second trial. The original trial in this matter involved over twenty hours of testimony, numerous witnesses, and significant expenses to both parties. If the Sixth Circuit determined that Plaintiff's counsel's conduct did not warrant a mistrial, then a second trial would become unnecessary. The Court, therefore, considers that this matter fulfills this requirement for certification pursuant to 28 U.S.C. § 1292(b).

## III. CONCLUSION

The Court concludes that this matter involves a controlling questions of law as to which there are substantial grounds for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Given that these factors are met and given the exceptional circumstances of this case, the Court will certify this matter for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's "Motion to Amend and Certify the Court's Order Granting Defendant's Motion for Mistrial and Interlocutory Appeal." [docket entry 55] is **GRANTED.**

**IT IS FURTHER ORDERED** that since 28 U.S.C. § 1292(b) requires a district court certifying an order for appealability to state so "in writing in such order" this Court's order of July 14, 2003 [docket entry 54] is hereby amended to include a certification of appealability, in accordance with this opinion.

**IT IS FURTHER ORDERED** that the proceedings in the District Court shall be stayed pending the Sixth Circuit's decision as to whether it will permit an appeal to be taken.

**SO ORDERED.**