AMBRO, Circuit Judge,
dissenting in part:
I agree with my colleagues that the Speech or Debate Clause does not confer a privilege of confidentiality. Thus, the motion to quash the search warrant on that basis must be denied. Any other conclusion is foreclosed by a long line of precedent.[1] However, that Fattah’s argument lacks merit does not, in my view, deprive us of jurisdiction to review his claim under the Perlman doctrine. “Rather, the lack of merit means that the claim of [privilege] should be denied for just that reason — it lacks merit.” Powell v. Ridge, 247 F.3d 520, 527 (3d Cir.2001) (Roth, J., dissenting). I thus respectfully dissent in part.
“When a district court orders a witness — whether a party to an underlying litigation, a subject or target of a grand jury investigation, or a complete stranger to the proceedings — to testify or produce documents, its order generally is not considered an immediately appealable ‘final decision[]’ under § 1291.” In re Grand Jury, 705 F.3d 133, 142 (3d Cir.2012) (alteration in original). The appellant instead only secures the right to an immediate appeal when he defies the order, is held in contempt, and appeals the con *532 tempt order. This rule, “ ‘though at times a harsh one,’ ” discourages “ ‘all but the most serious’ ” appeals because “[i]t forces the objector to weigh carefully the likelihood of success of its challenge” along with “the importance it attaches to avoiding the ordered disclosure and protecting any associated privileges.” Id. at 143 (quoting In re Grand Jury Proceedings, 604 F.2d 798, 800 (3d Cir.1979)). In effect, review remains available through this route even where the likelihood of success is low so long as the importance attached is high.
Where a disclosure order is addressed to a disinterested third party, however, the incentive structure shifts. Unlike the holder of a privilege, a mere custodian of records cannot be “expected to risk a citation for contempt in order to secure [the privilege holder] an opportunity for judicial review.” United States v. Ryan, 402 U.S. 530, 533, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971). Moreover, without a means to force the third party to protect the privilege holder’s rights, it is “left ... ‘powerless to avert the mischief of [a disclosure] order.’/’ Id. (quoting Perlman v. United States, 247 U.S. 7, 13, 38 S.Ct. 417, 62 L.Ed. 950 (1918)). Under the Perlman doctrine, we allow a party opposing a discovery order on grounds of privilege to appeal immediately where the order is directed at a third party who lacks a sufficient stake in the proceeding to risk contempt by refusing compliance. See id.
The same principle applies here: As the party on which the warrant was served, Google could refuse to comply and’ seek appellate review through a separate proceeding for contempt.[2] However, it presumably has little incentive to do so because the asserted privilege belongs not to Google but to Fattah. Moreover, without custody of the allegedly privileged documents, Fattah cannot himself defy the order to force an interlocutory appeal. Accordingly, Fattah’s case falls squarely within Perlman’s rationale.
My colleagues of course suggest otherwise. They conclude that we are without jurisdiction because there is no confidentiality privilege under the Speech or Debate Clause. But “[t]he question of the éxistence of a privilege ... pertain[s] to the merits,” Slark v. Broom, 7 La. Ann. 337, 342 (1852), and it is well established that “jurisdiction under the Perlman doctrine does not rise or fall with the merits of the appellant’s underlying claim for relief,” Doe No. 1 v. United States, 749 F.3d 999, 1006 (11th Cir.2014). See also Ross v. City of Memphis, 423 F.3d 596, 599 (6th Cir.2005) (“[Perlman ] jurisdiction does not depend on the validity of the appellant’s underlying claims for relief.”). Rather, “[i]t is the possibility of disclosure of information which is thought to be confidential that is central to the Perlman exception.” United States v. Calandra, 706 F.2d 225, 228 (7th Cir.1983) (emphasis added).
Not only do my colleagues fail to cite any case law for their novel proposition that the Perlman doctrine depends on the *533 cognizability of the privilege asserted, they also overlook numerous cases to the contrary. This includes Perlman itself, where the Supreme Court reviewed the petitioner’s claims on interlocutory appeal despite concluding his arguments lacked merit. See Perlman, 247 U.S. at 13-15, 38 S.Ct. 417. Indeed, we have routinely invoked the Perlman doctrine as the basis for our jurisdiction, only to decide ultimately that the appellant lacks the privilege asserted. See, e.g., In re Grand Jury Impaneled Jan. 21, 1975, 541 F.2d 373, 381, 383 (3d Cir.1976) (rejecting “the application of a state required reports privilege as a matter of federal common law” though concluding the appellant “had standing to intervene below and challenge the subpoena on the basis of his claim of privilege”); In re Grand Jury, 103 F.3d 1140, 1144 (3d Cir.1997) (refusing to recognize a cognizable “parent-child privilege” but citing Perl-man as the basis for its jurisdiction).
We are not without company; other appellate courts have done the same. See, e.g., In re Grand Jury Proceedings, 832 F.2d 554, 560 (11th Cir.1987) (permitting an interlocutory appeal, but holding “that the privilege asserted by [the] appellants [was] without a basis in Florida law” and that they “ha[d] no privilege of nondisclosure under state law”); In re: a Witness Before the Special Grand Jury 2000-2, 288 F.3d 289, 291, 295 (7th Cir.2002) (invoking Perlman for the court’s jurisdiction though refusing to extend the attorney-client privilege to communications between government attorneys and their state .clients).
The failure to recognize our jurisdiction under Perlman is particularly puzzling given that we have previously relied on that doctrine to review — and reject — indistinguishable attempts to bar disclosure under the Speech or Debate Clause. While my colleagues distinguish one such case, In re Grand Jury Proceedings (Cianfrani), 563 F.2d 577 (3d Cir.1977), as having involved a state, rather than federal, congressperson, I fail to see the relevance of that distinction. Neither did a panel of our Court the following year when U.S. Congressman Eilberg intervened in grand-jury proceedings and appealed. See Eilberg, 587 F.2d at 597 (concluding we had jurisdiction to review the interlocutory appeal, but holding, that, “as we ha[d] said on two other occasions, the [Speech or Debate]. privilege when applied to records or third-party testimony is ... not [one] of non-disclosure” (citing United States v. Helstoski, 576 F.2d 511 (3d Cir.1978), aff'd, 442 U.S. 477, 99 S.Ct. 2432, 61 L.Ed.2d 12 (1979), aff'd sub nom. Helstoski v. Meanor, 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979); Cianfrani, 563 F.2d 577)).
Finally, that these prior Speech or Debate Clause cases arose in the context of a subpoena duces tecum (rather than search warrant) is also an irrelevant distinction. If the Perlman doctrine did not appiy to search warrants, Fattah would similarly be unable to rely on that doctrine to appeal his attorney-client privilege and work-product claims. "Yet here my colleagues correctly rely on the Perlman doctrine to conclude that “this claim succeeds.” Majority Op. 529. Similarly, other courts have applied Perlman even though a search warrant has been used. ..See, e.g., In re Berkley & Co., 629 F.2d 548, 551-52 (8th Cir.1980) (applying Perlman to consider the denial of a motion to prevent the Government from disclosing to the grand jury certain privileged documents it had previously seized); United States v. Griffin, 440 F.3d 1138, 1143 (9th Cir.2006) (applying the Perlman doctrine where seized documents were in the temporary possession of a special master); In re Sealed Case, 716 F.3d 603, 612 (D.C.Cir.2013) (Kavanaugh, J., concurring) (suggesting that if a search warrant is used to seize allegedly privileged documents, the *534 order would be appealable under Perlman (citing Berkley, 629 F.2d 548)).
The Supreme Court has repeatedly admonished appellate courts not to “conflate[e] the jurisdictional question with the merits of the appeal.” Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 627, 129 S.Ct. 1896, 173 L.Ed.2d 832 (2009). I believe that, by intertwining the cognizability of the privilege with that of an appellate court’s jurisdiction, the majority contravenes this mandate. I therefore respectfully dissent in part.

. Of course, our binding precedent also provides that, while the Government has a right to review the documents and argue privilege, Fattah has an equal right to participate in that process, particularly given "the information as to [what] were legislative acts is in his possession alone.” In re Grand Jury Investigation (Eilberg), 587 F.2d 589, 597 (3d Cir.1978); see also id. (holding that a congressman asserting the Speech or Debate Clause privilege in a grand-jury proceeding "should be permitted to indicate by affidavit or testimony those calls which he contends are. privileged”).

. To the extent the Government argues that even contempt proceedings are unavailable for review of an unexecuted search warrant issued under 18 U.S.C. § 2703(b)(1), this position is directly inconsistent with its position in a pending Second Circuit case. See Brief of the United States of America at 8 n. 5, In re Warrant To Search Certain E-Mail Account Controlled & Maintained by Microsoft Corp., No. 14-2985 (2d Cir. Mar. 9, 2005) (noting that the District Court’s "entry of a contempt order" gave the Second Circuit jurisdiction to review an unexecuted search warrant issued under § 2703); see also In re Warrant To Search a Certain E-Mail Account Controlled & Maintained by Microsoft Corp., No. 13-mj-2814, 2014 WL 4629624 (S.D.N.Y. Aug. 29, 2014) (Preska, C.J.). (Interestingly, in that case the Government also has taken the contrary position that this type of search warrant isn’t really a search warrant at all.)