[PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-13651

_____

IN RE:

Grand Jury Subpoena, FGJ-21-01-MIA.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

Before WILSON, JORDAN, and BRASHER, Circuit Judges.

WILSON, Circuit Judge:

This case asks whether a finding of contempt absent the imposition of sanctions is directly appealable. Because our precedent

dictates that a contempt order must be accompanied by a noncontingent sanction to be directly appealable, this case is **DISMISSED** for lack of jurisdiction.

## I.

The government served Appellant with three subpoenas directed at three business entities for which he is the document custodian. The subpoenas commanded the companies to appear and testify before the Grand Jury, produce documents, and certify that the records satisfied the business records exception to the hearsay rule. *See* Fed. R. Evid 803(6).

Appellant moved to quash the subpoenas and asserted a Fifth Amendment act-of-production privilege, arguing the requested documents could incriminate him as the sole manager, registered agent, owner, and operator of the companies. The district court denied Appellant's motion and, since Appellant refused to comply with the subpoenas, found Appellant in civil contempt. The district court stayed issuance of sanctions pending appeal. Appellant timely appealed.

## II.

We are obligated to review our appellate jurisdiction sua sponte "whenever jurisdiction may be lacking." *Reaves v. Sec'y, Fla. Dep't of Corr.*, 717 F.3d 886, 905 (11th Cir. 2013). Federal appellate courts have jurisdiction to review "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291; *see also Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 203 (1999)

("Section 1291 of the Judicial Code generally vests courts of appeals with jurisdiction over appeals from 'final decisions' of the district courts."). This is known as the final judgment rule, which

> emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact that occur in the course of a trial. Permitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system. In addition, the rule is in accordance with the sensible policy of "avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment." The rule also serves the important purpose of promoting efficient judicial administration.

*Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981) (alteration in original and internal citations omitted).

Typically, a decision is sufficiently final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521–22 (1988). However, the Supreme Court has "interpreted the term 'final decision' in § 1291 to permit jurisdiction over appeals from a small category of orders that do not terminate the litigation." *Cunningham*, 527 U.S. at 204. These include decisions "that

are effectively unreviewable on appeal from the final judgment in the underlying action." *Id.* (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995)).

We have held that contempt citations do not satisfy the final judgment rule unless there is both a finding of contempt and a non-contingent order of sanctions. *See U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1249 (11th Cir. 2020) (explaining that "[c]ontempt citations . . . are not immediately appealable unless there is '*both* a finding of contempt and a *noncontingent* order of sanction'") (quoting *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 977 (11th Cir. 1986)); *S.E.C. v. Kirkland*, 533 F.3d 1323, 1325 (11th Cir. 2008) ("The imposition of sanctions . . . is a prerequisite for appellate review of a contempt order." (quoting *Don's Porta Signs, Inc. v. City of Clearwater*, 829 F.2d 1051, 1053 n.7 (11th Cir. 1987))); *Sizzler Fam. Steak Houses v. W. Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1533 n.1 (11th Cir. 1986) (explaining that imposition of sanction "rendered the contempt judgment final and made both the finding of contempt and the later sanction appealable under 28 U.S.C. § 1291").

We recognize the Court in *United States v. Ryan* described the two options for a recalcitrant witness as "either obey [the subpoena's] commands or refuse to do so and contest the validity of the subpoena if he is subsequently cited for contempt on account of his failure to obey." 402 U.S. 530, 532 (1971); *see also, e.g., In re Grand Jury Proc.*, 832 F.2d 554, 558 (11th Cir. 1987) ("[O]rders denying motions to quash grand jury subpoenas are ordinarily not

appealable final orders under section 1291. The subpoenaed party can obtain review by refusing to comply with the subpoena and then contesting a contempt citation, which is immediately appealable."). However, the Court did not contemplate the jurisdictional nuances of a sanction-less contempt order. *Ryan* and its progeny were not appeals of contempt citations at all; they were appeals of mere denials of motions to quash grand jury subpoenas. They thus do not purport to decide whether a civil contempt citation is directly appealable where the district court stays the consideration of sanctions pending appeal. Therefore, our precedents requiring a sanction to be imposed contemporaneously with a finding of contempt in order to be directly appealable are not inconsistent with *Ryan*'s directives.

We also recognize that the Second Circuit has read *Ryan* differently, *see In re Three Grand Jury Subpoenas*, 847 F.2d 1024, 1027–28 (2d Cir. 1988), but we respectfully disagree. "A determination that contempt has occurred is not final if the question of sanctions is postponed. . . . Finality . . . requires determination of both liability and sanction, just as with ordinary civil and criminal proceedings." 15B Edward H. Cooper, Fed. Prac. & Proc. Jurisdiction § 3917 (2d ed, & June 2022 update).

Nothing in this order today should be construed as limiting the discretion of the district court to stay *execution* of its sanctions order once it is entered, so long as the order imposes "a fine or penalty . . . within a time certain that may not be avoided by some other form of compliance." *Combs*, 785 F.2d at 976; *cf. Escobio*,

946 F.3d at 1250 ("Actual imposition of a penalty is not necessary for appellate review as '[b]eing placed under the threat of future sanction' is 'an unconditional present sanction'" (alteration in original) (quoting *Sizzler*, 793 F.2d at 1534 n.2)).  Such a procedure would still avoid piecemeal appeals and be consistent with the instruction to wait to appeal until there is "nothing for the [district] court to do but execute the judgment." *Biard*, 486 U.S. at 521–22.

## III.

Accordingly, as the district court has not yet imposed non-contingent sanctions, this case is **DISMISSED** for lack of jurisdiction.