[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11393

Non-Argument Calendar

_____

PATRICIA RUBIO,
PAUL MACNEIL,

Plaintiffs-Appellants,

*versus*

BENGAL PROPERTIES, INC.,
d.b.a. The Park Apartments,
SOUTHERN MANAGEMENT SYSTEMS, INC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cv-62038-RS

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiffs Patricia Rubio and Paul Macneil are former tenants of an apartment complex owned by Defendant Bengal Properties, Inc., in Temple Terrace, Florida.  After Plaintiffs terminated their lease early, Plaintiffs say, Bengal billed them for charges that neither the lease nor Florida landlord-tenant law allows, and then hired Defendant Southern Management Systems, Inc., to collect the illegitimate debt.  Plaintiffs sued Bengal and Southern for violating federal and Florida consumer-protection statutes. Just before trial, Plaintiffs settled with Southern and purported to execute a stipulation voluntarily dismissing Southern as a defendant under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  Then, at trial, the district court granted a directed verdict for Bengal, and this appeal followed.

After careful review, however, we must dismiss the appeal for lack of jurisdiction.  Rule 41(a)(1)(A)(ii) requires that a stipulation of voluntary dismissal be signed by "all parties who have appeared."  Recent precedent confirms that, because Bengal did not sign the stipulation, the "dismissal[] w[as] ineffective, and the claims remain before the district court."  *City of Jacksonville v.*

*Jacksonville Hospitality Holdings, L.P.*, 82 F.4th 1031, 1039 (11th Cir. 2023).  As a result, the judgment is not final on the merits, so we lack jurisdiction at this time.

## I.

Plaintiffs filed their second amended complaint against Bengal and Southern in December 2020, raising claims under the Florida Consumer Collection Practices Act and the federal Fair Debt Collection Practices Act.  The defendants answered the complaint separately.

In August 2021, Plaintiffs moved for partial summary judgment as to each defendant, and Bengal and Southern each filed a cross-motion for summary judgment on all claims.  Finding that the parties had violated local rules, the district court struck all summary-judgment motions on February 9, 2022, approximately one week before the trial date.

Then, on February 15, 2022, two days before the trial date, Plaintiffs and Southern filed a "joint notice of settlement," which stated that those parties had reached a settlement and they anticipated filing a joint stipulation of voluntary dismissal within 30 days. The next day, the district court entered a paperless order directing the parties to "file revised proposed jury instructions and [a] verdict form that address only the remaining claim pursuant to plaintiffs' and [Southern's] notice of settlement."  Plaintiffs and Southern then filed a "joint stipulation of dismissal with prejudice" of the action against Southern only, citing Federal Rule of Civil Procedure 41(a)(1)(A)(ii) as the basis for dismissal.  The stipulation—the

"Southern stipulation," for present purposes—stated that it would not affect Plaintiffs' claim against Bengal, and was signed by counsel for Plaintiffs and Southern, but not by counsel for Bengal. A proposed order dismissing the case as to Southern was attached, but the court did not enter the proposed order or otherwise direct the dismissal of Southern as a defendant.

Bengal responded by filing an emergency motion asking the district court to order disclosure of the settlement agreement and to permit amendment of its affirmative defenses. The district court ordered disclosure of the agreement but denied leave to amend.

The case proceeded to trial on Plaintiffs' claim against Bengal. At the close of Plaintiffs' case-in-chief, Bengal orally moved for judgment as a matter of law under Rule 50, Fed. R. Civ. P., and the district court granted the motion. In the court's view, Plaintiffs "failed to present sufficient evidence for the jury to find that [Bengal] had actual knowledge that the debt was illegitimate or had actual knowledge that [Bengal] was asserting a non-existent legal right to said debt." Plaintiffs filed a motion for a new trial or a directed verdict, but the court denied the motion, and this appeal followed.

## II.

"We are obligated to review our appellate jurisdiction *sua sponte* whenever jurisdiction may be lacking." *In re Grand Jury Subpeona, FGJ-21-01-MIA*, 58 F.4th 1232, 1233 (11th Cir. 2023) (quotation marks omitted). We review both jurisdictional issues and the

interpretation of the Federal Rules of Civil Procedure *de novo*. *Jacksonville Hospitality*, 82 F.4th at 1036.

Generally speaking, we may hear appeals from only a district court's "final decision[]." 28 U.S.C. § 1291. To constitute a final decision under § 1291, "the district court's order generally must adjudicate all claims against all parties[,]" leaving nothing for the court to do but execute the judgment. *Gov't Emps. Ins. Co. v. Glassco, Inc.*, 58 F.4th 1338, 1343 (11th Cir. 2023).

As relevant here, Rule 41(a)(1) provides that a plaintiff may voluntarily "dismiss an action without a court order" by filing "a stipulation of dismissal signed by *all parties who have appeared*." Fed. R. Civ. P. 41(a)(1)(A)(ii) (emphasis added). A Rule 41(a)(1) dismissal must be of "the entire action," not "particular claims" within the action. *In re Esteva*, 60 F.4th 664, 675–76 (11th Cir. 2023). Nevertheless, Rule 41(a) permits the dismissal of "all claims against a particular defendant," even if other defendants remain. *Jacksonville Hospitality*, 82 F.4th at 1036.

We asked the parties to address whether the Southern stipulation of dismissal was effective given that it was signed by only counsel for Plaintiffs and Southern. In Bengal's view, the absence of its signature means the stipulation had no effect and so the action is not yet final. Plaintiffs respond that, because a plaintiff may single out a party for dismissal under Rule 41(a)(1), only those parties involved in the dismissal need sign the stipulation.

After the parties responded, we issued a controlling decision interpreting the meaning of Rule 41(a)(1)'s phrase "all parties who

have appeared." *See Jacksonville Hospitality*, 82 F.4th at 1037. Looking to the plain meaning of the words, we observed that "there is simply no language that qualifies the clause 'all parties who appeared.'" *Id.* at 1038. The absence of such restrictive language, we said, "suggests that a broad reading—one covering all parties in a lawsuit—is warranted." *Id.* In short, "all means all," even when a party that appeared "has already been removed from an action." *Id.* We also stated that a rule "requiring each and every party that has thus far appeared in a lawsuit to sign a stipulation of dismissal" made good sense, despite its inconveniences, because it "helps to ensure that other parties are not somehow prejudiced by the sudden dismissal of a defendant." *Id.* at 1038–39. And we noted that, as an alternative to Rule 41(a)(1)(A)(ii), a plaintiff can still voluntarily dismiss "through court order" under Rule 41(a)(2). *Id.* at 1039.

In sum, the Southern stipulation was not signed by "all parties who have appeared," as we have interpreted that phrase, because it lacked Bengal's signature. *See id.* at 1038. As a result, the "dismissal[] w[as] ineffective, and the claims remain before the district court." *Id.* at 1039. Because the judgment is not final on all the claims, we lack jurisdiction to hear the appeal at this time. *Id.* Accordingly, we must dismiss the appeal for lack of jurisdiction.

**DISMISSED.**